■ In the Matter of JOSEPH GIBBONE, Respondent, v FIRE

DEPARTMENT OF THE CITY OF NEW YORK, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Fire Department of the City of New York to restore the petitioner to his original position as a pension accounting manager, the appeal, as limited by the Fire Department's brief, is from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Hurowitz, J.), dated January 27, 1986, as denied its motion to renew its opposition to the petition.

Ordered that the order and judgment is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, a prior interlocutory judgment of the same court, dated March 13, 1985, is vacated, and the proceeding is dismissed on the merits.

The petitioner, who is an accountant in the employ of the appellant, was placed on an involuntary leave of absence by the appellant pursuant to Civil Service Law § 72 (5). Several months later, after a determination that the petitioner was fit to return to work, the petitioner was reassigned to a position involving different duties. Since the new position was at the same civil service level with the same salary and benefits as the former position, we reject the petitioner's contention that the reassignment was improper *(see,* Civil Service Law § 72 [5]; *see, Matter of Galatti v County of Dutchess,* 64 NY2d 1163; *Garelick v Dowling,* 59 AD2d 733).

We also find that Special Term's direction to the appellant to expunge all references to the petitioner's involuntary leave from his employment record was improper, absent any provision in the statute for such a remedy *(see,* Civil Service Law § 72 [5]; 1983 McKinney's Session Laws of NY, at 2597-2598).

We have considered the petitioner's other contentions and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.