STANLEY G. PRUE, Appellant, v´LEIGH HUNT, as Chief of Police of the City of Syracuse, et al., Respondents. (Appeal No. 1.)

Fourth Department, May 11, 1990

## APPEARANCES OF COUNSEL

*Ball, McDonough & Johnson, P. C. (John E. Murray* of counsel), for appellant.

*C. Frank Harrigan, Corporation Counsel (Maurie G. Heins* of counsel), for Leigh Hunt, respondent.

*Jon A. Gerber, County Attorney,* for Edward J. Gusty, respondent.

## OPINION OF THE COURT

LAWTON, J.

This CPLR article 78 proceeding was commenced to annul the determination of respondent Chief of Police of the City of Syracuse to terminate petitioner from his position as a police officer with the City of Syracuse and for an order restoring

him to the rolls of the police department with back pay.* Petitioner has appealed from a judgment of Supreme Court denying the relief sought in the petition. The judgment, however, stayed the removal of petitioner from his employment pending determination of this appeal.

Petitioner, a 20-year veteran police officer, was injured when he fractured his leg in a non-work-related accident on November 15, 1986. After exhausting his sick leave benefits, accumulated personal and vacation days, petitioner applied for and received an additional three months' discretionary extended paid sick leave. On October 15, 1987 petitioner, after completing the extended paid sick leave, demanded reinstatement without submitting the required medical documentation to establish that he was able to perform the duties of his position.

On November 13, 1987 petitioner submitted an application for reinstatement supported by a letter from his personal physician that stated he could return to work "at a desk job only, with no weight bearing on the involved leg". Petitioner's application for reinstatement was rejected on the grounds that petitioner could not perform his duties as a police officer.

On November 24, 1987 First Deputy Chief Timothy H. Cowin wrote to petitioner terminating his employment pursuant to section 73 of the Civil Service Law. The basis for the termination was that petitioner had "been continuously absent from and unable to perform the duties of the position of Police Officer for in excess of one year, since [his] non-service related disability commenced on November 15, 1986". In the letter of termination, petitioner was offered a hearing within five days of receipt of the termination notice.

Petitioner declined the invitation for a posttermination hearing and on December 14, 1987 commenced this article 78 proceeding contesting his termination and demanding reinstatement with back pay from October 15, 1987, the date when he first demanded reinstatement. In his petition, petitioner alleges that he was physically able to perform his previously assigned duties as PBA president and that he had performed these duties on occasions during his period of disability. He also alleged unfair selective enforcement of departmental rules in that other police officers in positions similar to his were permitted to return to work and to

---

* The Commissioner of Personnel of the County of Onondaga is also a nominal party, but has taken no position in this matter.

perform light duty during periods of disability that resulted from non-work-related injuries.

In his answer, respondent controverted petitioner's factual allegations and charges of selective enforcement, and stated that petitioner's failure to submit medical documentation that he was able to return to full duty as a police officer required his dismissal in accordance with the provisions of section 73 of the Civil Service Law.

In a comprehensive decision Supreme Court affirmed petitioner's dismissal on the grounds that petitioner had failed to submit medical documentation that he was able to perform the full duties of a police officer, as required under departmental regulations. In its decision, Supreme Court held that the word "position" in section 73 of the Civil Service Law refers to the job classification and not to an individual's particular assignment. While recognizing that section 73 terminations may require a hearing, Supreme Court, relying upon the Court of Appeals decision in *Matter of Economico v Village of Pelham* (50 NY2d 120), held that respondent's offer of a posttermination hearing and petitioner's refusal satisfied the requirement of due process.

■ We agree that petitioner failed to submit adequate medical certification that he was able to return to full duty and, consequently, respondent was justified under the facts of this case, as found by Supreme Court, in terminating petitioner under section 73 of the Civil Service Law. The difficulty arises not in the termination itself, but in the procedures followed by respondent.

Subsequent to the Court of Appeals decision in *Economico (supra),* the United States Supreme Court in the case of *Cleveland Bd. of Educ. v Loudermill* (470 US 532, 541) set forth the minimal due process that must be afforded a tenured public employee prior to his termination for cause, stating:

"If a clearer holding is needed, we provide it today. The point is straightforward: the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise, the Clause would be reduced to a mere tautology. 'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process 'is conferred, not by legislative grace, but by constitutional guarantee. While the legisla-

ture may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards.' *Arnett* v. *Kennedy, supra,* at 167 (POWELL, J., concurring in part and concurring in result in part); see *id.,* at 185 (WHITE, J., concurring in part and dissenting in part).

"In short, once it is determined that the Due Process Clause applies, 'the question remains what process is due.' *Morrissey* v. *Brewer,* 408 U.S. 471, 481 (1972)."

The court further held that a pretermination hearing must be offered to a tenured public civil employee sought to be terminated for cause and that a posttermination hearing was insufficient to satisfy the due process requirements of the Fourteenth Amendment. In this regard, it stated: "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.' *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950). We have described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest.' *Boddie* v. *Connecticut,* 401 U.S. 371, 379 (1971) (emphasis in original); see *Bell* v. *Burson,* 402 U.S. 535, 542 (1971). This principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment. *Board of Regents* v. *Roth,* 408 U.S., at 569-570; *Perry* v. *Sindermann,* 408 U.S. 593, 599 (1972)." *(Cleveland Bd. of Educ. v Loudermill, supra,* at 542.) This holding, of course, is binding on this court and supersedes the Court of Appeals holding in *Economico (supra) (see, People v Davis,* 43 NY2d 17, 30, *cert denied* 435 US 998).

Because the issue of constitutionality of section 73 was raised and addressed by the Supreme Court in its decision, we withheld decision on this case and invited the Attorney-General to address this issue pursuant to CPLR 1012 (b) and Executive Law § 71.

In its brief the Attorney-General recognized that minimal due process requires that petitioner, as a tenured civil service employee, must be given an appropriate opportunity to object to his termination, citing *Matter of Johnson v Director, Downstate Med. Center* (41 NY2d 1061), but argued that such

process due petitioner was, under the facts of this case, satisfied by the offer of a posttermination hearing. At oral argument, however, the Assistant Attorney-General, in response to questions directed to him by the court, candidly conceded that under the holding of *Loudermill (supra)*, in instances such as section 73 where termination is discretionary, a tenured civil employee must be afforded a pretermination hearing. We agree with this conclusion.

In the recent case of *Matter of Richie v Coughlin* (148 AD2d 178, 183, *appeal dismissed* 75 NY2d 765), the Third Department in an opinion by Justice Yesawich unanimously held that where the order of dismissal is discretionary under Civil Service Law § 50 (4), an employee must be afforded "a meaningful opportunity to invoke the discretion of the decision maker [as] a precondition to his termination", citing *Loudermill (supra)*. So, also, in this case, petitioner should have been afforded an opportunity to be heard on why the discretion provided respondent under section 73 should not have been exercised in his favor. Likewise, petitioner should have been afforded the opportunity to be heard before termination with respect to his arguments concerning his ability to perform light duty and when he would be able to return to full duty.

█ In an attempt to avoid a finding that section 73 is unconstitutional as applied, respondent argues that, because petitioner was on unpaid leave status at the time of his termination and because section 73 grants him preferential rights to be rehired, he was not deprived of a substantial property right when afforded a posttermination hearing. We disagree.

Petitioner's property rights existed by reason of his employment, not solely by reason of the pay he received while working. Petitioner was entitled to other employee benefits during the period he was on nonpay status which would have terminated upon his discharge. While he was on unpaid leave status, his position was held open for him and his right to return to work upon restoration of his health was unconditional. Once petitioner was terminated, however, his rights to reinstatement upon recovery were much more limited.

█ We see no need to exercise our discretion and to convert this proceeding into a plenary action to declare section 73 unconstitutional per se *(see, Matter of Jerry v Board of Educ.,* 35 NY2d 534, 544-545). We agree with the Attorney-General that it is sufficient to interpret the statute to include the

requirements of pretermination notification and an opportunity to be heard *(see, Anti-Fascist Comm. v McGrath,* 341 US 123; *Matter of Hecht v Monaghan,* 307 NY 461, 468).

Applying this holding to the facts of this case requires that the determination be annulled and this matter remitted to respondent for a hearing on whether petitioner should be terminated under section 73. In that petitioner has remained a police officer, pursuant to a stay granted by Supreme Court, petitioner shall be allowed to be heard on all issues as if the one-year requirement contained in section 73 has not yet expired.

DILLON, P. J., CALLAHAN, DENMAN and DAVIS, JJ., concur.

Judgment unanimously reversed, on the law, with costs, and matter remitted to respondent for further proceedings in accordance with the opinion of LAWTON, J.