OPINION OF THE COURT
Hancock, Jr., J.
 Section 73 of the Civil Service Law authorizes the termination and replacement of civil servants when they have been continuously absent from and unable to perform the duties of their position for one year or more by reason of a disability. The questions raised are whether the Federal Due Process Clause requires a hearing prior to termination under section 73 and, if so, what form that hearing must take. In light of Cleveland Bd. of Educ. v Loudermill (470 US 532), we hold that the section 73 discharge in this case must be accompanied by pretermination notice and a minimal opportunity to be heard. To the extent that our holding in Matter of Economico v Village of Pelham (50 NY2d 120) permits a section 73 discharge with only a posttermination hearing, it is superseded by Loudermill (supra).
I
On November 15, 1986, petitioner Prue, a 19-year veteran of the City of Syracuse Police Department, was seriously injured in an accident unrelated to his work which allegedly prevented him from performing his duties as a police officer. Having exhausted all his paid vacation, personal and sick leave by October 15, 1987, petitioner requested reinstatement but failed to submit the medical documentation necessary to show that he was able to perform the duties of his position. On November 13, 1987, he again requested reinstatement, this *367 time submitting a letter from his physician stating that he was able to return to a desk job. Prue, it appears, during the 10 years preceding his accident, had, as President of the PBA, been assigned to a desk job in the department pursuant to a collective bargaining agreement. Respondents rejected petitioner’s request and terminated his employment pursuant to section 73.
Although petitioner was offered a posttermination Económico hearing to be held within five days of his termination, he declined the hearing and commenced this CPLR article 78 proceeding contesting his termination. Supreme Court held that the termination was justified under section 73 and that the opportunity for the posttermination hearing satisfied the requirements of due process. That court relied on our decision in Economico (supra) where we held that Federal due process (see, Mathews v Eldridge, 424 US 319) compelled the interpretation of section 73* as affording a posttermination hearing in addition to the procedures specified in the statute. The Appellate Division reversed, holding that the United States Supreme Court’s ruling in Loudermill (supra) supersedes Economico (supra) and requires that discharged civil servants be afforded a pretermination "hearing” (157 AD2d 160, 165). We granted respondents’ motion and petitioner’s cross motion for leave to appeal to address the question of Loudermill’s effect on our holding in Economico. There should be an affirmance.
II
We agree with the Appellate Division that in a section 73 termination under circumstances as presented here, the Federal due process requirements established in Loudermill are not satisfied by the posttermination procedures specified in section 73 and in our holding in Economico. Loudermill (supra) involved the consolidated cases of two tenured public employees discharged from their jobs without pretermination *368 hearings. Respondent Loudermill was dismissed from his security guard position for allegedly lying on his job application by stating that he had never been convicted of a felony. In fact, Loudermill had been convicted of a felony; he claimed, though, that he was unaware that the crime constituted a felony (470 US, at 535). Respondent Donnelly was discharged from his position as a bus mechanic because he had failed and refused to retake an eye examination. Both were terminated pursuant to an Ohio statute which authorized discharge for cause in the discretion of the employer and made available full, posttermination administrative review (id., at 535).
The Supreme Court held that due process required that the employees be given a pretermination opportunity to respond, in addition to the posttermination procedures provided for in the Ohio statute (id., at 547). The Court noted specifically that because of the apparent potential for an erroneous discharge or an inappropriate exercise of the discretion conferred under the Ohio statute, the minimal burden imposed on the employer in providing some preliminary opportunity to respond was justified (id., at 543-544). Loudermill’s discharge "turned not on the objective fact that he was an ex-felon or the inaccuracy of his statement to the contrary, but on the subjective question whether he had lied on his application form.” (Id., at 544, n 9.) The Court observed that the question was disputable and could not be properly answered without hearing Loudermill’s side of the story (id.). It also recognized that when a discharge is discretionary, as it was under the Ohio statute, "the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be before the termination takes effect.” (Id., at 543.)
Petitioner Prue’s termination under section 73 is controlled by the holding of Loudermill. The potential for an erroneous discharge or an inappropriate exercise of the discretion conferred under section 73 justifies the minimal burden placed on respondents in requiring them to provide petitioner with some pretermination opportunity to respond. Petitioner’s discharge implicates contested questions regarding his physical condition and whether his ability to perform the desk job he had filled for the preceding 10 years constitutes an ability "to perform the duties of his position” within the meaning of section 73. Moreover, like the Ohio statute in Loudermill, section 73 calls for the termination of employees in the discretion of the employer. Consideration of petitioner’s contentions concerning his ability to perform the desk job he had *369 previously held could have been a significant factor in the initial discretionary decision of whether to order termination under section 73. Petitioner was given no opportunity to make these arguments prior to his discharge under the procedure followed by respondents. We hold that in order to meet the minimum requirements of Federal due process under Loudermill, petitioner must be given some pretermination opportunity to be heard in addition to the posttermination procedures required by section 73 and our ruling in Economico (supra).
III
The remaining question is what pretermination procedural formalities are mandated by Federal due process. We conclude that due process requires only notice and some opportunity to respond (see, Cleveland Bd. of Educ. v Loudermill, supra, at 545-546). The formality and procedural requisites of a hearing can vary depending on such factors as the importance of the interest involved, the extent to which that interest may be lost, the hardship imposed by the loss and the availability of subsequent proceedings (see, Loudermill, supra, at 545; Boddie v Connecticut, 401 US 371, 378). The Supreme Court has required full evidentiary hearings prior to adverse governmental action in cases of termination of government assistance where severe hardship will be immediately imposed, as, for example, when the government cancels Aid to Families With Dependent Children (see, Goldberg v Kelly, 397 US 254). The Loudermill Court noted, however, that the cutting off of public assistance in Goldberg presented significantly different considerations from the dismissal of the public employees involved in Loudermill (id., at 545). The Court decided that since the discharged employees were entitled to a full scale posttermination hearing, at which the propriety of their discharges would be finally determined, due process could be satisfied by a pretermination showing that "there are reasonable grounds to believe that the charges against the employee are true and support the proposed action. See Bell v. Burson, 402 U. S., at 540.” (Id., at 546.) This, the Court stated, demands no more than that the employees be given an explanation of the charges against them and an opportunity to present their side of the story either in writing or in person (id., at 546).
In the present case, we see no need for procedural formality greater than that required in Loudermill (supra) to meet Federal due process standards. Here, as in Loudermill, *370 posttermination review is also available to the discharged employee. Moreover, the questions to be screened at the pretermination hearing — whether petitioner was absent for one year or more and whether he is able to return to his position — are no more complex than those in Loudermill. Finally, petitioner’s discharge will impose no more hardship than that in Loudermill and clearly does not necessitate a full evidentiary hearing (cf., Goldberg v Kelly, supra). We hold that to meet the minimum demands of Federal due process petitioner should at least have been given an explanation of the grounds for the discharge and an opportunity to respond prior to his discharge.
In view of our interpretation of section 73 as requiring pretermination notice and opportunity to be heard comporting with the minimum demands of the Federal Due Process Clause, we agree with the Appellate Division that section 73 should not be held facially unconstitutional (see, People v Cintron, 75 NY2d 249, 260).
The order should be affirmed, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order affirmed, without costs.

 Civil Service Law § 73 provides in pertinent part:
“When an employee has been continuously absent from and unable to perform the duties of his position for one year or more by reason of a disability * * * his employment status may be terminated and his position may be filled by a permanent appointment.”
If within one year of termination of disability employees are certified pursuant to a medical exam as able to return to their position, then they may be reinstated in a same or similar position if a vacancy exists, or placed on a preferential hiring list if no vacancy exists.