In the Matter of JOSEPH T. POMAKOY, Appellant, v SAMUEL P. LOMBARDO et al., Constituting the City of Albany Municipal Civil Service Commission, et al., Respondents.

Third Department, December 19, 1991

**APPEARANCES OF COUNSEL**

*Peter Henner* for appellant.

*Vincent J. McArdle, Jr., Corporation Counsel (William M. Goldstein* of counsel), for respondents.

### OPINION OF THE COURT

YESAWICH JR., J.

Petitioner was hired as a firefighter by respondent City of Albany in 1958. After being diagnosed with heart disease in 1968, he was given light duty assignments until he suffered a heart attack on November 29, 1984. It is not clear from the record why petitioner was assigned light duties. Petitioner claims that his heart disease was work related and that, although a formal determination awarding him General Municipal Law § 207-a benefits was not made, he in fact received his full salary during this period pursuant to section 207-a; he appears to suggest that this indicates that a light duty position existed. On the other hand, respondents, who have not yet interposed an answer, maintain in their brief that petitioner was gratuitously allowed to remain on the payroll to enable him to earn retirement time and that this arrangement does not support an inference that petitioner was receiving section 207-a benefits. Furthermore, respondents assert that there is no light duty firefighter position in their fire department. Following his heart attack in 1984, petitioner was unable to work but continued receiving his full salary until January 6, 1986, when he was involuntarily terminated by the City of Albany.

After petitioner's initial CPLR article 78 proceeding and collective bargaining agreement grievance, both aimed at securing restoration to the payroll and continuation of General Municipal Law § 207-a benefits, were rejected as untimely, petitioner, in August 1989, requested reinstatement as a firefighter pursuant to Civil Service Law § 73. Two medical experts found petitioner unfit for full firefighter duty, whereupon respondents denied his request.

In the instant CPLR article 78 proceeding, petitioner seeks to overturn this determination by claiming that respondents acted arbitrarily and capriciously in requiring him to be medically fit for full firefighter duty rather than light firefighter duty and that respondents are estopped under the doctrine of laches from asserting that petitioner was not entitled to continue working in a light duty capacity pursuant to General Municipal Law § 207-a. Supreme Court found the petition time barred and granted respondents' motion to dismiss. We reverse.

Petitioner rightly contends that Supreme Court erred by limiting the time period in which he could apply for reinstatement to one year from the time he was terminated from his employment instead of, as the statute provides, to within one year from the termination of his disability (see, Civil Service Law § 73; *Matter of Driscoll v Department of Fire,* 115 AD2d 300, 300-301; *Matter of Miller v Regan,* 80 AD2d 968, 969). Whether, however, the position occupied by petitioner before his heart attack in 1984 constituted a light duty position, was recognized as such by respondents, still exists and remains unfilled, and, if so, whether petitioner is physically capable of filling that position—the medical reports presently before us are inconclusive in this regard—are among the fact issues yet to be developed by the parties.* As the record is clearly incomplete, consideration of these and the related issues they generate would be premature.

LEVINE, J. (dissenting). Although we are in agreement with the majority that Supreme Court misread Civil Service Law § 73 in ruling that the petition is time barred, we are nonetheless convinced that the petition should be dismissed on the merits. There is no contested issue of fact that petitioner is presently physically unfit to perform the regular duties of a firefighter, that being the only position at all times held by him with the City of Albany Fire Department. Respondents made a determination that, therefore, he was unable to perform the duties of his former position within the meaning of Civil Service Law § 73. Unless respondents were irrational or arbitrary and capricious in taking this position, it should be beyond judicial review.

Petitioner has not shown that respondents acted arbitrarily or capriciously in rejecting his assertion that he has statutory reemployment rights in some functional, light duty assignment with the Fire Department. The courts have rejected employee claims to entitlements with respect to functional job assignments in other contexts. Thus, an employee reinstated pursuant to Civil Service Law § 73 may not compel reassignment to the very same duties performed before disability

---

* Significantly, the Court of Appeals has just recently explicitly recognized that whether a police officer's "ability to perform the desk job he had filled [for 10 years preceding his termination] constitutes an ability 'to perform the duties of his position' within the meaning of section 73" is a question warranting pretermination notice and a minimal opportunity to respond *(Matter of Prue v Hunt,* 78 NY2d 364, 368).

termination, provided that the new position carries the same salary, benefits and civil service level *(see, Matter of Gibbone v Fire Dept.,* 123 AD2d 693, 694). Moreover, a dismissal from the *functional* position performed by a permanent civil service employee does not constitute a demotion for purposes of Civil Service Law § 75 so long as there is no adverse change in the employee's grade or title in the position to which that employee was appointed *(see, Matter of Galatti v County of Dutchess,* 64 NY2d 1163, 1165). These principles support the rationality of respondents' determination that petitioner's "former position" within the meaning of Civil Service Law § 73 was that of firefighter, and that his statutory rights to reinstatement were contingent upon his ability to perform the regular duties of that position, despite the fact that his last functional assignment within that position was the performance of light duties.

We find nothing in the Court of Appeals decision in *Matter of Prue v Hunt* (78 NY2d 364) that would cast doubt on the foregoing analysis. Insofar as *Matter of Prue* has any relevance here, it would merely require that a disabled civil service employee such as petitioner be afforded a right to be heard *administratively* that he should be restored to a former light duty assignment, despite his unfitness to perform the regular duties of a firefighter. *Matter of Prue (supra)* should not be read to sanction judicial interference with governmental policy decisions regarding reemployment of disabled employees once due process requirements have been met at the administrative stage. The implication of the majority's holding is that a court could order respondents to restore petitioner to employment based upon a factual determination that his prior light duty assignment had become a *position* within the meaning of Civil Service Law § 73. This, in our view, would constitute an impermissible invasion of the province of the governmental employer herein. Therefore, we would dismiss the petition on the merits.

CASEY, J. P., and MIKOLL, J., concur with YESAWICH JR., J.; LEVINE AND CREW III, JJ., dissent in an opinion by LEVINE, J.

Ordered that the judgment is reversed, on the law, with costs, and motion denied, with leave to respondents to serve an answer within 10 days after the date of this court's decision.