■ In the Matter of NADINE HURWITZ, Petitioner, v CESAR A. PERALES, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents.

In 1987, petitioner, a Principal Management Specialist with the Department of Social Services (DSS) whose career there exceeded twenty years, was stricken with an illness. As a result, petitioner was on sick leave from January 5, 1987, until February 5, 1987. She worked from February 5 through February 10, 1987, and then resumed sick leave on February 11, 1987.

On or about January 7, 1988, petitioner submitted a letter to DSS from her physician stating that she should be able to return to employment by February 3. The letter also requested that petitioner work part-time the first two months and that her location require minimal travel so that her condition would not be exacerbated. DSS responded by requiring petitioner to submit to an Employee Health Service (EHS) examination. Respondent Jaymala Ambewadikar, M.D., conducted the examination and on March 18, 1988, reported that petitioner was not able to return to her position and perform her full unrestricted duties. Dr. Ambewadikar rejected petitioner's request for a re-evaluation. DSS decided to have another EHS physician examine petitioner in light of Dr. Ambewadikar's refusal. However, before petitioner was advised of this, she withdrew her request and apparently decided not to contest the EHS findings. Petitioner contends she did this because DSS advised her there was no appeal process; she had to get Dr. Ambewadikar to change her opinion.

By letter dated April 28, 1988, petitioner was terminated by DSS pursuant to Civil Service Law § 73, based upon the EHS findings which petitioner had "decided not to contest." Petitioner's termination was effective April 27, 1988.

Petitioner then unsuccessfully applied for New York State disability retirement and U.S. Social Security Administration disability benefits. Both the State and Federal agencies disagreed with the EHS report.

Petitioner then commenced a CPLR article 78 proceeding in Supreme Court, New York County to contest, *inter alia,* her termination. By order entered February 23, 1990, and adhered to by order entered July 10, 1990 (Edith Miller, J.), the matter was remanded to DSS for a hearing "regarding petitioner's alleged disability." The IAS court found that petitioner had never accepted the EHS medical evaluation, that she was

never advised by respondent that a second EHS evaluation could be conducted and that she had a right to a hearing to contest the EHS findings, and that she had not knowingly waived her right to such a hearing. Therefore, in light of conflicting medical evidence, it was held that the termination was arbitrary, capricious, and unlawful in the absence of a hearing.

On remand, DSS conducted a hearing which addressed only whether petitioner was "continuously absent" and "unable to perform the duties of [her] position" from February 11, 1987 through February 24, 1988. The issue of whether petitioner was presently disabled was never considered. The physician who submitted petitioner's January 7, 1988 report of ability to return to employment testified that his cautionary suggestions were to prevent relapse. Petitioner testified that she had felt able to return to work full-time in January 1988, but she thought the part-time recommendation was prudent. Petitioner further testified that she had taken a full-time position with the Department of Transportation at a much lower salary. The medical testimony, based substantially upon post-January 1988 examinations of petitioner, was conflicting. By order dated August 3, 1990, DSS ruled, *inter alia,* that the disability period was from February 11, 1987 to February 24, 1988, and that petitioner was continuously absent and unable to perform her duties by reason of a disability during that period.

It is not disputed that petitioner was not afforded a pretermination hearing prior to her April 1988 termination. In *Prue v Hunt* (157 AD2d 160 [1990]), where a police officer was terminated without a hearing because he was continuously absent and unable to perform his duties due to a non-work related injury, the Appellate Division, Fourth Department held that Federal due process mandates a pretermination hearing before an employee can be terminated under Civil Service Law § 73. In affirming that decision, the Court of Appeals held that "the section 73 discharge in this case must be accompanied by pretermination notice and a minimal opportunity to be heard." *(Matter of Prue v Hunt,* 78 NY2d 364, 366 [1991].) This defect was not cured by the hearing on remand because only petitioner's condition as of February 1988 was considered and not her present ability to work. As such, this was a posttermination hearing which clearly on these facts would not satisfy due process.

Accordingly, petitioner is entitled to a hearing on her present ability to perform the duties of her position with DSS.

In light of the foregoing, we need not reach the remaining contentions of petitioner. Concur—Carro, J. P., Rosenberger, Ellerin, Smith and Rubin, JJ.