*185 OPINION OF THE COURT
Hancock, Jr., J.
The issue in this case is whether the pretermination opportunity to be heard afforded petitioner comported with the requirements of due process. In Matter of Prue v Hunt (78 NY2d 364), we held that in the context of termination from civil service employment under Civil Service Law § 73, due process requires notice and "some opportunity to respond” (id., at 369). We now address the companion question of what process is due at the pretermination stage. On transfer from the Supreme Court, the Appellate Division determined that petitioner was not provided pretermination procedures satisfying the requirements of due process. We disagree and, therefore, reverse.
I.
Petitioner Nadine Hurwitz had been a 20-year employee of respondent Department of Social Services (DSS) when she developed labyrinthitis and went on continuous sick leave beginning February 11, 1987. In December 1987, DSS informed petitioner that her sick leave would be extended until February 10, 1988 and that if she wished to return to her position she must provide medical documentation of her ability to perform her duties. DSS also informed her of potential termination upon her continuous absence for one year. In early January 1988, petitioner submitted to DSS a letter from her physician stating that she would be able to return to her position in early February 1988. The letter also requested that petitioner be permitted to work part time and with reduced responsibilities during the first two months.
On receipt of the letter, DSS required petitioner to submit to an Employee Health Service (EHS) examination conducted by respondent Dr. Ambewadikar. During the examination, Dr. Ambewadikar observed symptoms of labyrinthitis which, she concluded, would interfere with the performance of petitioner’s job duties. After conducting the examination, reviewing medical reports of six physicians submitted by petitioner, and discussing the matter with petitioner’s personal physician, Dr. Ambewadikar reported to DSS that petitioner was not able to perform the duties of her previous position.
Upon learning of DSS’s doctor’s report, petitioner contacted DSS to protest the evaluation and to request an appeal of Dr. Ambewadikar’s opinion. Petitioner was informed that there *186 was no appeal process in existence but that DSS would withhold further action until she could discuss the report with Dr. Ambewadikar. Both petitioner and her personal physician discussed the evaluation with Dr. Ambewadikar and tried to get her to change her opinion regarding petitioner’s ability to return to work. Dr. Ambewadikar declined to reconsider her opinion or to reexamine petitioner.
Petitioner had also discussed the evaluation with Dr. Ambewadikar’s supervisor, Dr. Lacot, who told her that a second examination would be possible if DSS would make a referral for reexamination. At about this time, however, petitioner began to reexperience severe symptoms of labyrinthitis. Although DSS decided to make the referral for a second examination, petitioner withdrew her challenge to Dr. Ambewadikar’s findings before being informed of DSS’s decision. Thereafter, in April 1988, DSS terminated petitioner pursuant to Civil Service Law § 73.
Petitioner commenced a CPLR article 78 proceeding seeking reinstatement and back pay claiming that she had been discharged without being accorded her due process rights. Supreme Court granted the petition, holding that because petitioner was not informed of her right to a second evaluation before termination, she was deprived of a meaningful pretermination opportunity to be heard. On remand, however, DSS conducted a hearing addressing only whether she was continually absent and unable to perform the duties of her position for a one-year period.
After DSS adhered to its decision to terminate her, petitioner commenced the present article 78 proceeding challenging the sufficiency of the DSS hearing claiming that it was in substance a posttermination hearing and that she had not yet received meaningful pretermination opportunity to be heard. On transfer from the Supreme Court, the Appellate Division remanded the matter for "a hearing on her present ability to perform the duties of her position with DSS” (Matter of Hurwitz v Perales, 179 AD2d 586, 588). This Court granted leave.
II.
In Matter of Prue v Hunt (78 NY2d 364, supra), this Court held that the requirements of due process announced in Cleveland Bd. of Educ. v Loudermill (470 US 532) mandate that public employees discharged under Civil Service Law § 73 *187 be given pretermination notice and some minimal opportunity to be heard (see, id., at 369-370). Significantly, we observed in Prue that due process does not require a formal hearing prior to discharge under section 73 (see, Prue, supra, at 370; Louder-mill, supra, at 545-546). Noting that employees discharged under section 73 are entitled to a full posttermination hearing, we held that at the pretermination stage, they need only be "given an explanation of the grounds for the discharge and an opportunity to respond” (Prue, supra, at 369-370 [emphasis added]; see, Loudermill, supra, at 546). We stated that it is not necessary that the opportunity to be heard be formal or procedurally elaborate. Rather, the procedure must only be sufficient to serve as "an initial check against mistaken decisions” and it "need not definitively resolve the propriety of the discharge” (Loudermill, supra, at 545-546). In the context of section 73 discharges, this amounts to no more than an opportunity for the employee to present opposing views as to whether she had been absent for one year or more and whether she was able to return to her position (see, Prue, supra, at 370).
In this case, petitioner was given adequate opportunity to respond to the claimed basis of her discharge prior to her termination. Petitioner was notified that she would be terminated upon her continuous absence for one year "by reason of a disability” and that she had the right to submit medical documentation demonstrating her ability to return to work in order to avoid discharge. Petitioner availed herself of this opportunity by having her physician report to respondent that petitioner was able to return to work. She then underwent the independent EHS evaluation by Dr. Ambewadikar and submitted numerous physicians’ reports to Dr. Ambewadikar for consideration. Indeed, petitioner’s own physician was consulted in compiling the report to DSS. Although she disagreed with Dr. Ambewadikar’s conclusions in the evaluation report, petitioner had several opportunities to dispute the correctness of the evaluation with Dr. Ambewadikar, with her supervisor and with the DSS, and to persuade each that the EHS was erroneous.
Under these circumstances, we conclude that petitioner has been given a sufficient "explanation of the grounds for the discharge and an opportunity to respond prior to [her] discharge” (Prue, supra, at 370). The fact that petitioner was not informed of DSS’s decision to make a referral for a second evaluation does not diminish the adequacy of her opportunity *188 to be heard for due process purposes. Although the reexamination may have finally determined the correctness of Dr. Ambewadikar’s medical opinion, the ultimate validity of the evaluation is a matter properly addressed in the posttermination hearing. Due process does not require that such questions be finally resolved at the pretermination stage (see, Prue, supra, at 369-370; Loudermill, supra, at 545-546).
Accordingly, the order of the Appellate Division should be reversed, with costs, respondent Commissioner’s determination reinstated and petition dismissed.
Chief Judge Kaye and Judges Simons, Titone and Bellacos a concur; Judge Smith taking no part.
Order reversed, etc.