■ In the Matter of Pearl S. Gaines, Appellant-Respondent, v New York State Division for Youth et al., Respondents-Appellants. [623 NYS2d 936] —Spain, J. Cross appeals from an order and judgment of the Supreme Court (Hughes, J.), entered November 12, 1993 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia,* partially granted petitioner's motion for summary judgment.

In July 1990 petitioner was employed by respondent New York State Division for Youth (hereinafter DFY) in a permanent competitive class civil service position of Youth Division Counselor I at the Buffalo Residence Center (hereinafter BRC). Petitioner suffered a heart attack on July 2, 1990. Petitioner began a nonoccupational disability leave, pursuant to Civil Service Law § 73, on July 3, 1990.

Respondent Gary J. Almond, Assistant Director of BRC, by letter dated June 6, 1991, notified petitioner that she would be terminated, pursuant to Civil Service Law § 73, effective July 10, 1991. The termination was based upon the fact that as of July 10, 1991, petitioner would have been absent from work for a cumulative total of one year. Petitioner, by letter dated June 24, 1991, advised Almond that she would be returning to work on June 30, 1991 and submitted a note from her physician, Janice Dale, which stated that petitioner was medically fit to return to work.

Thereafter, in response to Almond's requests, petitioner submitted to laboratory testing on July 19, 1991 and to a medical examination by Zeinab Fetouh, a physician employed by the State Employee Health Service (hereinafter EHS), on July 22, 1991. Fetouh found that petitioner's medical problems of ischemic heart disease, high blood pressure and diabetes were under control and that petitioner was fit to return to work. Kenneth Gayles, one of petitioner's personal physicians, also submitted a note to EHS attesting to petitioner's ability to resume her duties at work.

The laboratory results from the July 19, 1991 testing and Fetouh's medical findings were sent to Joseph Kelly, an associate physician employed by EHS and assigned to evaluate petitioner's medical condition. Petitioner was never examined by Kelly. On August 8, 1991 Kelly sent two separate letters in regard to this matter. In a letter forwarded to petitioner Kelly stated, "[a]lthough we consider some of your test results to be outside the normal range, there is no cause for immediate alarm". However, in a letter forwarded to DFY, Kelly advised that, in his opinion, petitioner was not physically fit to return to work. Petitioner did not receive a copy of the letter from Kelly to DFY.

In a letter dated August 14, 1991, Almond advised petitioner that she was being terminated from DFY and the termination was effective retroactively to July 10, 1991. Thereafter, by letters dated October 9, 1991, October 23, 1991, December 4, 1991 and December 11, 1991, petitioner requested a hearing to contest DFY's determination that she was unfit for duty. These requests were either denied or ignored.*

---

* Petitioner thereafter sought reinstatement by a separate and distinct procedural application. Petitioner was reexamined by EHS, which determined on February 23, 1992 that petitioner was fit to return to work. Petitioner was appointed to the position of Youth Division Counselor on June 18, 1992 and returned to work.

Petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, *inter alia*, a declaration that respondents denied petitioner employment without due process, equal protection of the law and in violation of Civil Service Law § 72, as well as an order awarding petitioner full back pay and reasonable counsel fees. Following joinder, petitioner moved for summary judgment and respondents cross-moved for summary judgment. Finding, *inter alia*, that respondents discharged petitioner without providing pretermination notice and an opportunity to respond, as well as without a posttermination hearing, Supreme Court declared that respondents terminated petitioner's employment without due process of law. Supreme Court ordered that DFY promptly hold an administrative hearing to allow petitioner to challenge the determination that she was medically unfit to perform her duties. Supreme Court denied petitioner's claim for back pay and counsel fees, and granted respondents' cross motion dismissing petitioner's remaining claims against respondents.

Petitioner argues that she was terminated without due process of law. We agree. Respondents' pretermination notice to petitioner consisted of two letters, one dated June 6, 1991 and the other dated August 8, 1991. Petitioner, however, was denied an opportunity to respond to Kelly's letter to DFY which set forth Kelly's opinions on petitioner's medical condition. DFY's subsequent letter to petitioner, advising her of her termination, failed to detail or specify DFY's reasons for terminating petitioner. Clearly petitioner was denied an explanation and an opportunity to respond prior to discharge *(see, Matter of Hurwitz v Perales,* 81 NY2d 182, *cert denied* — US —, 114 S Ct 550; *see also, Matter of Prue v Hunt,* 78 NY2d 364).* Unlike the petitioner in *Matter of Hurwitz v Perales (supra),* petitioner was unaware of the medical opinion relied upon by DFY and, therefore, could not respond.

Further, despite her numerous requests, petitioner was denied a posttermination hearing. The Court of Appeals has held that "employees discharged under [Civil Service Law § 73] are entitled to a full *posttermination* hearing" *(Matter of Hurwitz v Perales, supra,* at 187 [emphasis in original]). Thus, DFY's pretermination and posttermination procedures deprived petitioner of due process of law.

Remittal for a hearing on the issue of petitioner's medical fitness to perform the duties of her position as of the date that respondents terminated her pursuant to Civil Service Law § 73 and her request for back pay is appropriate under the

circumstances. Supreme Court, therefore, properly denied petitioner's request for back pay. Although authority exists to support an award of back pay without a hearing *(see, Matter of Girard v City of Glens Falls,* 173 AD2d 113, *lv denied* 79 NY2d 757), "the usual procedure is to remit for a new hearing" *(supra,* at 118; *see, Matter of Spetalieri v Quick,* 96 AD2d 611, 612).

Petitioner also argues that she, as a nonoccupationally disabled employee, was not granted the same due process procedures available under 4 NYCRR 5.9 (d) (4) to occupationally disabled employees, and under Civil Service Law § 72 (3) to nonoccupationally disabled employees on involuntary leave, and as such was denied equal protection of the law. We disagree. This Court has previously stated "[e]mployees absent because of a work-related injury [may be] afforded several benefits not available to those absent due to nonoccupational injury or disease" *(Matter of Allen v Howe,* 194 AD2d 1, 4, *affd* 84 NY2d 665). Clearly, the difference in treatment given to an employee being subjected to involuntary discharge *(see,* Civil Service Law § 72 [3]) versus that given to an employee being discharged based upon the duration of the employee's voluntary leave of absence *(see,* Civil Service Law § 73) " 'bears a rational relation to a legitimate governmental interest' " *(Matter of Allen v Howe, supra,* at 4, quoting *Matter of McDermott v Forsythe,* 188 AD2d 173, 175).

Finally, petitioner argues that Supreme Court improperly denied her request for counsel fees pursuant to 42 USC § 1988. We disagree. 42 USC § 1988 (b) provides that, "[i]n any action or proceeding to enforce a provision of * * * [42 USC §] 1983 * * * the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee". In *Will v Michigan Dept. of State Police* (491 US 58), the United States Supreme Court held that State officers, acting in their official capacities, may not be held liable pursuant to 42 USC § 1983 *(supra,* at 71) unless the relief sought, by the petitioner is prospective in nature *(supra,* at 71, n 10). The relief requested in the case at bar is back pay; therefore, petitioner's civil rights claim under 42 USC § 1983 and her derivative claim for counsel fees pursuant to 42 USC § 1988 must fail *(see, supra; Maine v Thiboutot,* 448 US 1).

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs.