■ In the Matter of CHRISTOPHER S. BRENNAN, Appellant-Respondent, v STEVEN KALUCZKY, as Personnel Officer of the City of White Plains, et al., Respondents-Appellants. [641 NYS2d 176] —Mercure, J. Cross appeals (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (LaCava, J.), entered February 15, 1994 in Westchester County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents terminating petitioner's permanent appointment to the position of firefighter.

In May 1990, petitioner applied for the position of firefighter in the City of White Plains, Westchester County. In that connection, petitioner completed, signed and swore to the accuracy of an application form on which he indicated, among other things, that he had never "been addicted to the use of [a] narcotic drug". On June 11, 1990, petitioner was appointed to the competitive civil service position of firefighter in White Plains. His appointment became permanent one year later. In February 1992, petitioner sought treatment at St. Vincent's Hospital in the Town of Harrison, Westchester County, for emotional problems he was experiencing at the time. Petitioner was treated at the hospital for depression and remained on sick leave from his employment from February 25, 1992 until he returned to work on April 2, 1992. Petitioner signed medical releases authorizing respondent Department of Public Safety to obtain, as relevant to this appeal, all of St. Vincent's Hospital medical records relating to petitioner's "emotional upset condition and any or all prior matters related thereto". Among the records received was a February 25, 1992 St. Vin-

cent's Hospital physical examination report authored by Jerry Edelman reciting that "[petitioner], a sober alcoholic and *drug addict* for about 7 years, is admitted now for depression" (emphasis supplied).

On June 10, 1992, respondent Department of Personnel of the City of White Plains gave petitioner written notice of its intent to terminate his employment pursuant to Civil Service Law § 50 (4) due to the contradiction between his employment application and the hospital records with regard to his drug addiction. The notice indicated that petitioner "practiced deception in [his] attempt to secure employment" and "offered [petitioner] an opportunity to make an explanation and to submit facts in opposition to [his] disqualification". At petitioner's request, a hearing was conducted on July 9, 1992. At that time, petitioner offered no evidence but merely argued through his counsel that the St. Vincent's Hospital medical report was inaccurate and that he had not advised any physician that he was "a sober alcoholic and drug addict for about 7 years". Subsequent to the hearing, the Personnel Department repeatedly contacted St. Vincent's Hospital (three letters and at least six telephone calls) in an effort to ascertain the basis for the critical statement in petitioner's medical report. Ultimately, in early December 1992, one of petitioner's treating physicians from his February 1992 admission to St. Vincent's Hospital (not Edelman) merely responded that "if the statement was in the report, then [petitioner] must have said it".

By letter dated December 11, 1992, petitioner was informed that he was removed from the position of firefighter effective immediately. Petitioner responded with the instant CPLR article 78 proceeding, asserting that respondent unreasonably relied upon the inaccurate and inconsistent medical report for the conclusion that petitioner had a history of drug addiction, that respondent violated Mental Hygiene Law § 33.01 by depriving petitioner of his civil service status solely as the result of his admission that he had been sober for seven years, that respondents applied the wrong standard—"practiced deception"—in terminating his employment, that the termination was based upon a unilateral investigation (the posthearing efforts to obtain information), thereby denying petitioner notice of the allegations and an opportunity to be heard, and, finally, that the decision to revoke petitioner's employment was made in violation of applicable State and Federal laws and constitutional provisions. Supreme Court granted the petition to the extent of determining that respondents erred in denying

petitioner any opportunity for posttermination administrative review (*see, Cleveland Bd. of Educ. v Loudermill,* 470 US 532, 547-548) and remitting the matter for the conducting of a " 'full scale posttermination hearing' ". The parties cross-appeal and we now affirm.

Addressing first the cross appeal, we are not persuaded by respondents' arguments that either the pretermination proceedings, essentially consisting of notice of the evidence against petitioner and an opportunity to respond thereto, or the instant CPLR article 78 proceeding satisfied the explicit requirement of "posttermination administrative review". In fact, in *Matter of Richie v Coughlin* (148 AD2d 178, *appeal dismissed* 75 NY2d 765, *lv denied* 75 NY2d 707, *cert denied* 498 US 824), this Court had occasion to examine the precise question presented on the cross appeal and reached the conclusion that an employee discharged under the provisions of Civil Service Law § 50 (4) is entitled to both "a pretermination opportunity to respond [and] posttermination administrative review" (*supra*, at 183; *see, Matter of Prue v Hunt,* 78 NY2d 364, 369-370). We also reject petitioner's argument, raised for the first time on appeal, that the requirement of Civil Service Law § 50 (4) that, except in the case of fraud, no certification be revoked or appointment terminated more than three years after it is made precludes further administrative proceedings and mandates petitioner's reinstatement with back pay. The contention is unpreserved, and it is our view that respondents satisfied the statutory requirement by terminating petitioner's employment within the requisite period in any event. Therefore, we concur in Supreme Court's determination to grant petitioner posttermination administrative review.

We are similarly unpersuaded by petitioner's contention that the pretermination proceedings conducted in this matter were not legally sufficient. Civil Service Law § 50 (4) and applicable due process requirements are satisfied by a mere "notice and opportunity to respond in writing with facts and explanations" (*Matter of Richie v Coughlin, supra,* at 183; *see, Cleveland Bd. of Educ. v Loudermill, supra; Matter of Prue v Hunt, supra*). Respondent fulfilled those due process requirements and also afforded petitioner the opportunity to personally present witnesses or nontestimonial evidence on his behalf. We strenuously disagree with petitioner's characterization of respondents' efforts to determine the accuracy of his claim that the medical report was in error as impermissible undisclosed subsequent investigation. Consistent with the limited due process requirements of pretermination notice and op-

portunity to be heard, it was entirely appropriate for respondents to act on the information imparted by petitioner in a search for the truth, particularly in view of petitioner's failure to present any evidence in support of his position.

Petitioner's remaining contentions have been considered and found unavailing or are determined to be premature in view of the fact that the posttermination hearing has not yet been conducted.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.