■ In the Matter of Martha I. House, Appellant-Respondent, v New York State Office of Mental Health et al., Respondents-Appellants. [692 NYS2d 517] —Carpinello, J. Cross appeals from a judgment of the Supreme Court (Connor, J.), entered April 15, 1998 in Albany County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents terminating petitioner from her employment.

From August 1987 to June 1997, petitioner worked in the civil service position of keyboard specialist at respondent Richard H. Hutchings Psychiatric Center in Onondaga County. She suffered a work-related injury in December 1991, which caused her to be frequently absent from work. By letter dated April 9, 1997, petitioner was notified that her employment would be terminated effective May 8, 1997, by which time she would have missed the requisite 365 days of work (*see,* Civil Service Law § 71; 4 NYCRR 5.9 [c] [1]; *see generally, Matter of Gaines v New York State Div. for Youth,* 213 AD2d 894, 895, *lv denied* 86 NY2d 708). She was further advised that she could apply for reinstatement if she could demonstrate that she was medically fit.

Petitioner submitted a note from her treating physician stating that she was medically fit. Respondents countered by requiring petitioner to submit to a physical examination performed by a physician employed by the State Employee Health Service. In his report, the physician stated that petitioner was "too symptomatic to return to work and perform the full duties of her position". Petitioner's employment was then terminated. Petitioner commenced this CPLR article 78 proceeding seeking, *inter alia*, reinstatement to her job and back pay. Supreme Court determined that respondents had failed to provide petitioner with proper notice of the procedure for requesting a posttermination hearing, resulting in the denial of her due process right to an administrative appeal (*see,* 4 NYCRR 5.9 [d] [4]). The court, accordingly, remitted the matter for an administrative hearing on the issue of petitioner's medical condition and her ability to perform her job-related duties at the time of her termination. Petitioner's demands for reinstatement and back pay were not addressed. Both sides appeal.

Petitioner was entitled to a posttermination hearing and until that administrative remedy has been exhausted, a resolution of her other demands would be premature (*see, Matter of Gaines v New York State Div. for Youth,* 213 AD2d 894, 896-897, *lv denied* 86 NY2d 708, *supra*). Once it has been deter-

mined by the appointing authority's physician that an employee is unfit to serve, he or she cannot be restored to employment until there is a finding that the employee is medically fit to perform the duties of the position (*see, id.,* at 896). Hence, Supreme Court's judgment remitting the matter for an administrative hearing to develop the record regarding petitioner's medical fitness was appropriate and will not be disturbed.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.