■ In the Matter of NEW YORK STATE CORRECTIONAL OFFICER AND POLICE BENEVOLENT ASSOCIATION, INC., et al., Petitioners, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [888 NYS2d 646]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Department of Correctional Services, which, among other things, awarded petitioner back pay.

Petitioner Elsie Pierre, a correction officer, suffered a work-related injury to her right shoulder in May 2004 and was placed on workers' compensation leave. In August 2005, respondent Department of Correctional Services (hereinafter respondent) notified Pierre that it intended to seek termination of her employment (see Civil Service Law § 71; 4 NYCRR 5.9 [c] [1]). Although Pierre maintained, in response, that she was fit to return to work, a medical evaluation performed by a physician designated by respondent on September 15, 2005 revealed her to be unfit for duty. Pierre thereafter submitted to subsequent medical evaluations and requested a hearing to challenge the September 2005 findings (see 4 NYCRR 5.9 [e] [3]). At the hearing, Sanford Wert, Pierre's physician, testified that she had been cleared by him to return to work without restrictions on June 12, 2006. Relying upon that testimony, the Hearing Officer found Pierre fit for duty and recommended to respondent that she be reinstated with pay retroactive to June 12, 2006.

After the Hearing Officer issued his recommendations, Pierre requested and received a reevaluation by a physician designated by respondent, was deemed fit for duty and returned to work in February 2008. Shortly thereafter, respondent issued a final determination in which it determined that, since Pierre had been deemed fit and actually had returned to work, the Hearing Officer's recommendation with respect to that issue was moot. Respondent rejected the Hearing Officer's recommendation that Pierre receive pay retroactive to June 12, 2006 on the basis that there was no independent evaluation of her fitness for duty at that time and directed that she receive pay retroactive to October 12, 2007, which was the date of the Hearing Officer's

recommendations. Petitioners then commenced this CPLR article 78 proceeding, challenging the determination of the date from which Pierre was entitled to receive retroactive pay. After dismissing the petition as against respondent State of New York, Supreme Court transferred the proceeding to this Court.

Petitioners maintain that inasmuch as it was not controverted at the hearing that Pierre was fit to return to work as of June 12, 2006, respondent's determination to not award her pay retroactive to that date is arbitrary and capricious. Petitioners' claim is unavailing. It is not disputed that Pierre was not fit for duty at the expiration of her workers' compensation leave in September 2005, and this is the date as to which she originally requested reinstatement. While the record may support a finding that Pierre was fit to return to work on June 12, 2006, because she did not comply with the necessary procedures to effect her reinstatement as of that date (*see* 4 NYCRR 5.9 [d] [1], [2]), she has not yet exhausted her administrative remedies with respect thereto (*see Matter of House v New York State Off. of Mental Health*, 262 AD2d 929, 929-930 [1999]). Considering that Pierre never requested reinstatement from June 12, 2006, respondent's determination to not award her pay retroactive to such date was supported by substantial evidence in the record.

Further, the appropriate date from which Pierre's retroactive pay should have been calculated is the date of the medical evaluation performed in connection with her request for reinstatement made after the Hearing Officer issued his recommendations. Such evaluation was conducted sometime after October 12, 2007 and before her return to work in February 2008, but it cannot be determined on this record the exact date. Thus, while it is likely that such evaluation did not occur on October 12, 2007—the same day that the Hearing Officer issued his recommendations—respondent's determination to use that date was evidently an exercise of discretion made in an attempt to fashion a compromise with Pierre.* Inasmuch as a remittal for a determination of the exact date of the evaluation would likely result in a calculation of Pierre's back pay from a later date, thus undermining respondent's apparent concession to her, under the particular circumstances presented here, we will not disturb respondent's determination to award Pierre pay retroactive to October 12, 2007.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged

---

* Indeed, in its final determination, respondent stated, "[I]n consideration of the time it has taken post-decision, [respondent] agrees to pay Ms. Pierre back pay for the period of October 12, 2007, the date of the decision, through February 5, 2008, her actual date of return."

that the determination is confirmed, without costs, and petition dismissed.

