Devine, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) a determination of respondent Civil Service Commission which, among other things, placed petitioner on involuntary leave of absence, and (2) a determination of respondent State University of New York Downstate Medical Center terminating petitioner’s employment.
Petitioner was employed as a police officer by respondent State University of New York Downstate Medical Center (hereinafter Downstate) and, in March 2011, Downstate placed him on an immediate involuntary medical leave pursuant to Civil Service Law § 72 after psychological testing conducted by an emergency health services physician confirmed that he was mentally unfit to perform the duties of his position at that time. Pursuant to a request by petitioner’s labor union representative, a hearing was conducted and the Hearing Officer issued a written decision on April 19, 2012 finding that petitioner was properly subjected to an involuntary leave of absence approximately one year earlier due to being mentally unfit at that time and recommended that petitioner be discharged from his position. In November 2012, respondent Civil Service Commission (hereinafter the Commission) denied petitioner’s appeal of Downstate’s determination to place him on involuntary leave.
In a letter dated April 20, 2012, Downstate notified petitioner that his employment was terminated effective March 31, 2012 pursuant to Civil Service Law § 73. In May 2012, petitioner challenged Downstate’s determination to terminate his employment, requested that the determination be revoked and asserted that due process of law required a more recent medical evaluation of his mental fitness to perform his work duties, as no medical assessment had been conducted in more than a year. Downstate denied petitioner’s demand for a posttermination hearing.
Petitioner commenced this proceeding to annul the Commission’s determination regarding his placement on involuntary leave and to annul Downstate’s determination to terminate his employment. He also seeks to have his position restored with *1174 back pay and benefits. Supreme Court transferred the matter to this Court.*
Petitioner argues that the Commission’s determination that he was properly placed on involuntary leave lacked substantial evidence in the record. The Commission reviewed, among other things, the transcript from the hearing, which revealed that, after petitioner filed a grievance alleging that he had been harassed by a medical technician, the investigation of petitioner’s complaint by Downstate staff lead them to conclude that petitioner had harassed and intimidated the technician. Additionally, the Commission considered evidence of certain unsettling conduct by petitioner, including testimony from petitioner’s colleagues that he purchased a handgun and brought it to work in contravention of employment regulations and that he often remained on Downstate’s campus following his shifts— sometimes in police uniform — even after being directed to the contrary. Additionally, there was detailed testimony from the emergency health services physician who opined that, after he conducted a psychological examination of petitioner, he was compelled to conclude that petitioner was mentally unfit for duty at the time he was placed on involuntary medical leave of absence. The Hearing Officer was free to credit such medical evidence over that given by petitioner’s expert who, despite having certain misgivings about petitioner’s psychological profile, refrained from declaring that petitioner was mentally unfit for employment (see Matter of Peters v County of Rensselaer, 28 AD3d 854, 854 [2006]; Matter of Bartlett v Dutchess County, 189 AD2d 1027, 1028 [1993]). As substantial record evidence supported the Commission’s determination to place petitioner on an involuntary leave of absence, it shall remain undisturbed.
As for petitioner’s contention that he was denied pretermination due process protections, we disagree. Minimum pretermination due process requirements are satisfied where, as here, an employee is given notice of the grounds for possible discharge and “some opportunity to respond” (Matter of Prue v Hunt, 78 NY2d 364, 369 [1991]; see Cleveland Bd. of Ed. v Loudermill, 470 US 532, 546 [1985]; Matter of Hurwitz v Perales, 81 NY2d 182, 186-187 [1993], cert denied 510 US 992 [1993]; Matter of Gooshaw v Village of Massena, 216 AD2d 819, 821 [1995]). The record makes it clear that petitioner was well aware of *1175 Downstate’s concerns with his mental ability to serve as a police officer and that he contested, at every turn, the allegations that his psychological condition was deficient prior to his discharge from employment (see Matter of Hurwitz v Perales, 81 NY2d at 187; Matter of Brennan v Kaluczky, 226 AD2d 953, 955-956 [1996]).
We do agree, however, with petitioner’s assertion that the failure to conduct a posttermination hearing was violative of his right to due process. Employees who are terminated from their positions pursuant to Civil Service Law § 73 “are entitled to a full posttermination hearing” (Matter of Hurwitz v Perales, 81 NY2d at 187; see Matter of Prue v Hunt, 78 NY2d at 369; Matter of Gaines v New York State Div. for Youth, 213 AD2d 894, 896 [1995], lv denied 86 NY2d 708 [1995]). Respondents speculate that it is unlikely that petitioner could produce medical evidence establishing his fitness to occupy his position as of the date of his termination from employment. If we were to accept respondents’ reasoning, it would allow an agency that is intent on terminating an employee to arbitrarily decide whether a posttermination hearing was necessary, a determination which flies in the face of existing law. The rationale for providing petitioner with a posttermination hearing is to afford him a final opportunity to present proof demonstrating how his mental condition changed, if at all, and whether he is able to perform his job duties as of the date of his termination (see Matter of Gaines v New York State Div. for Youth, 213 AD2d at 896). To deny petitioner’s request for a posttermination hearing was constitutionally infirm and, therefore, remittal of this matter is necessary for the completion of such administrative proceedings (see Matter of House v New York State Off. of Mental Health, 262 AD2d 929, 930 [1999]).
Peters, EJ., Stein, Garry and Egan Jr., JJ., concur.
Adjudged that the determination placing petitioner on involuntary leave of absence is confirmed, without costs, and petition is dismissed to that extent. Adjudged that the determination terminating petitioner’s employment is annulled, without costs, petition granted to that extent and matter remitted to respondent State University of New York Downstate Medical Center for further proceedings not inconsistent with this Court’s decision.

 Before transferring this matter, Supreme Court should have first considered whether, as alleged in the first cause of action, petitioner was deprived of his constitutional due process rights, as the resolution of said issue could have terminated the entire proceeding (see CPLR 7804 [g]). However, we will retain jurisdiction and address the issue in the interest of judicial economy.