Matter of Jimenez-Reyez v State of New York (2018 NY Slip Op 05649)





Matter of Jimenez-Reyez v State of New York


2018 NY Slip Op 05649


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

525728

[*1]In the Matter of JOHNNY JIMENEZ-REYEZ, Petitioner,
v
STATE OF NEW YORK et al., Respondents.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Gleason, Dunn, Walsh & O'Shea, Albany (Brendan D. Sansivero of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Rumsey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State University of New York Downstate Medical Center terminating petitioner's employment.
Petitioner was employed as a police officer by respondent State University of New York Downstate Medical Center (hereinafter Downstate). In March 2011, he was placed on immediate involuntary medical leave pursuant to Civil Service Law § 72 after psychological testing conducted by an emergency health services physician confirmed that he was mentally unfit to perform the duties of his position at that time. His employment was terminated one year later based on the written decision of a Hearing Officer, who concluded that petitioner had been properly placed on involuntary leave of absence because he was mentally unfit at that time and recommended that petitioner be discharged from his position. In a previous proceeding that petitioner commenced after his employment was terminated and his request for a posttermination hearing was denied, we confirmed the determination placing petitioner on involuntary leave, annulled the determination terminating his employment and remitted the matter to Downstate to conduct a posttermination hearing (Matter of Jimenez-Reyes v State of New York, 122 AD3d 1172, 1174-1175 [2014]). Following the posttermination hearing, the Hearing Officer found that [*2]petitioner failed to prove that he was mentally fit to return to work as of the date of his termination. Based on that decision, Downstate notified petitioner that his employment was terminated as of March 31, 2012. Petitioner commenced this proceeding to annul Downstate's determination to terminate his employment, and he seeks to have his position restored with back pay and benefits. Supreme Court transferred the proceeding to this Court.
Petitioner initially contends that the Hearing Officer's decision was affected by an error of law because he placed the burden of proof on petitioner to demonstrate that he was mentally fit to return to work on the date of termination. We disagree. The Civil Service Law requires that an employee who seeks reinstatement must first apply for a medical examination to be conducted by a medical officer selected by the employer (see Civil Service Law § 72 [2]). An employee who is placed on leave who is not reinstated prior to the expiration of one year may be terminated in accordance with the provisions of Civil Service Law § 73. Consistent with this statutory scheme, we have previously recognized that once a determination is made by the employer's physician that an employee has a disability that precludes him or her from performing the duties of his or her position, the employee can be restored to employment only upon a finding that he or she is medically fit to perform the duties of the position (see Matter of House v New York State Off. of Mental Health, 262 AD2d 929, 929-930 [1999]; see also Matter of Gaines v New York State Div. for Youth, 213 AD2d 894, 896 [1995], lv denied 86 NY2d 708 [1995]). Here, after concluding that petitioner was properly placed on involuntary leave after a physician designated by Downstate found that he was mentally unfit to perform the duties of his position, we remitted to provide petitioner with "a final opportunity to present proof demonstrating how his mental condition [had] changed, if at all, and whether he [was] able to perform his job duties as of the date of his termination" (Matter of Jimenez-Reyes v State of New York, 122 AD3d at 1175 [emphasis added]).
Notably, petitioner failed to comply with the statutory requirement of applying for a medical examination to test his fitness for reinstatement. Moreover, he did not submit proof at the posttermination hearing held in June 2016 that his mental condition had sufficiently improved prior to the effective date of his termination to allow him to perform the duties of his position. At the posttermination hearing, the pretermination hearing transcript and the written reports of the two psychologists who had testified were entered into evidence upon stipulation. Petitioner also elicited testimony from psychologist David Horenstein, who had examined petitioner and opined that he was mentally fit to perform the duties of his position. However, Horenstein conceded that his opinion was based entirely on information obtained prior to, or concurrently with, his most recent examination of petitioner in November 2011 — more than five months prior to the effective date of petitioner's termination and nearly five years prior to the posttermination hearing. Thus, Horenstein's testimony was merely a restatement of the opinion that he originally offered at the pretermination hearing, and, therefore, the record of the posttermination hearing is substantively the same record on which we based our prior determination that petitioner was properly placed on leave because he was mentally unfit to perform the duties of his position. In light of petitioner's failure to produce evidence that he had become mentally fit to perform the duties of his position as of the effective date of his termination, the determination to terminate his employment must be confirmed.
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.