■ In the Matter of CHRISTINE LA JOIE, Respondent, v COUNTY OF NIAGARA, Appellant. [659 NYS2d 622] —Judgment unanimously affirmed with costs. Memorandum: Respondent appeals from a judgment annulling its termination of petitioner from her civil service position as clerk for the Department of Motor Vehicles, ordering respondent to reinstate petitioner to her job, and awarding petitioner back pay and benefits retroactive to August 28, 1995. The basis for respondent's termination of petitioner was that she failed to return to work within one year after being placed on workers' compensation leave.

Supreme Court properly annulled the termination of petitioner from her employment. The record establishes that respondent failed to notify petitioner, upon her commencement of leave, concerning the duration of such leave and its effect on her employment. In particular, respondent failed to notify petitioner that she would be terminated if she failed to return to work within one year. Respondent's failure to give such notice violated 4 NYCRR 5.9 (b) and 21.8 (a) (2), as well as

the requirements of due process (*cf., Matter of Hurwitz v Perales*, 81 NY2d 182, 186-187, *rearg denied* 82 NY2d 706, *cert denied* 510 US 992; *Matter of Prue v Hunt*, 78 NY2d 364, 366, 369-370, citing *Cleveland Bd. of Educ. v Loudermill*, 470 US 532). We reject respondent's contention that Niagara County Civil Service Commission Rule XIX renders notice to the employee unnecessary. (Appeal from Judgment of Supreme Court, Niagara County, Rath, Jr., J.—CPLR art 78.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.