■ 79TH REALTY Co. et al., Appellants-Respondents, v X.L.O. CONCRETE CORPORATION et al., Defendants, and ASSICURAZIONI GENERALI S.p.A., Respondent-Appellant. [668 NYS2d 599] —Order, Supreme Court, New York County (Harold Tompkins, J.),

entered April 23, 1997, which, insofar as appealed from, denied plaintiff general contractor's motion for summary judgment declaring that defendant insurer is obligated to defend and indemnify it in a personal injury action under a policy that the insurer issued to defendant subcontractor naming the general contractor as an additional insured, and denied the insurer's cross motion for summary judgment declaring that it has no such duty to defend and indemnify, unanimously modified, on the law, to grant the general contractor's motion only to the extent of declaring that the insurer is obligated to defend it in the underlying personal injury action, and otherwise affirmed, without costs.

An insurer's duty to defend is broader than the duty to indemnify and arises where the allegations of the complaint against the insured fall within the scope of the risks undertaken by the insurer (*North Riv. Ins. Co. v ECA Warehouse Corp.*, 172 AD2d 225). Here, since the complaint in the underlying personal injury action contains allegations against both the general contractor and the subcontractor, and the subject policy clearly names the general contractor as an additional insured and provides coverage that is primary, the insurer has a duty to defend as a matter of law, and we so declare. However, a declaration that the insurer has a duty to indemnify the general contractor requires a determination that the underlying accident arose out of the subcontractor's performance of work under its contract with the general contractor, which must await a determination of liability in the underlying personal injury action (*see, supra; Recant v Harwood*, 222 AD2d 372, 373). Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.