■ In the Matter of CHERYL COOKE, Appellant, v CITY OF LONG BEACH, Respondent. [669 NYS2d 312] —In a proceeding pursuant to CPLR article 78 to compel the respondent, the City of Long Beach, to restore the petitioner to her original position as a bus driver, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated January 30, 1997, which denied her petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the petitioner is restored to her position as a bus driver for the City of Long Beach, with the salary and other benefits which have attached to that position from June 30, 1996, to the date of restoration, minus any workers' compensation benefits she received during that period.

The respondent contends that the petitioner's argument that she did not receive timely notice of her impending termination from employment pursuant to Civil Service Law § 71 should not be considered because it is being raised for the first time on appeal. We disagree. The petitioner's brief does not allege any new facts, but merely raises a legal argument which could not have been avoided by the respondent if it had been raised in the Supreme Court. Thus, this argument raised by the petitioner may be considered for the first time on appeal (*see, Block v Magee,* 146 AD2d 730, 732-733).

The respondent failed to serve notice to the petitioner of the impending termination of her employment at least 30 days prior thereto pursuant to 4 NYCRR 5.9 (c) (2). Since the respondent's notice did not comply with that regulation or the requirements of due process (*see, Matter of Prue v Hunt,* 78 NY2d 364; *Matter of La Joie v County of Niagara,* 239 AD2d 908), the petitioner should be restored to her prior position. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.