■ In the Matter of GREGORY FALLON, Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Respondents. [687 NYS2d 123] —Order, Supreme Court, New York County (Colleen McMahon, J.), entered December 11, 1997, which dismissed the petition brought pursuant to CPLR article 78 to annul respondents' determination terminating petitioner's employment, unanimously affirmed, without costs.

Petitioner's termination under Civil Service Law § 73 for continuous absence from work, due to disability, for more than one year did not violate petitioner's due process rights. Petitioner, who was informed, prior to his discharge, that he

faced termination if he failed to qualify for ordinary disability retirement, received adequate pretermination notice (see, *Matter of Hurwitz v Perales*, 81 NY2d 182, 187; *Matter of Prue v Hunt*, 78 NY2d 364). "In the context of section 73 discharges, [due process] amounts to no more than an opportunity for the employee to present opposing views as to whether [he] had been absent for one year or more and whether [he] was able to return to [his] position" (*Matter of Hurwitz v Perales, supra,* at 187). Here, petitioner did not contest that he had been absent for more than a year, nor did he seek to return to work when his application for disability retirement was denied. Petitioner was also informed of his posttermination rights. In language tracking the provisions of Civil Service Law § 73, the termination notice sent petitioner informed him that he could apply for a medical examination within a year of the termination of his disability, and if found fit, could apply for reinstatement.

Petitioner has failed to make a prima facie case of disability-based discrimination under the Vocational Rehabilitation Act (29 USC § 794) since respondent Triborough Bridge and Tunnel Authority is not a recipient of Federal funds, or under the Americans with Disabilities Act (42 USC § 12101 *et seq.*) since he makes no allegation that he requested an accommodation for his alleged disability and was refused (see, *Stone v City of Mount Vernon*, 118 F3d 92, 97, *cert denied* 522 US 1112). In his 12-year absence on disability leave, petitioner never sought to return to work with or without accommodation, even after he was denied ordinary disability retirement. This being the case, there is no ground to conclude that respondent violated the New York State Human Rights Law (Executive Law § 296), prohibiting disability-based discrimination. Concur—Ellerin, P. J., Lerner, Andrias and Saxe, JJ.