■ Pavarini Construction Co., Inc., et al., Respondents, v Liberty Mutual Insurance Company et al., Appellants, et al., Defendants. [704 NYS2d 72] —Order, Supreme Court, New York County (Jane Solomon, J.), entered March 4, 1999, which, in a declaratory judgment action involving whether defendant insurer, under a policy it issued to defendant subcontractor naming plaintiffs general contractor, owner and lessee as additional insureds, is obligated to defend and indemnify plaintiffs in an underlying action for personal injuries brought by the subcontractor's employee, granted plaintiffs' motion for summary judgment to the extent of declaring that the insurer is obligated to defend plaintiffs in the underlying action, unanimously affirmed, with costs.

"An insurer's duty to defend is broader than the duty to indemnify and arises where the allegations of the complaint against the insured fall within the scope of the risks undertaken by the insurer." (*79th Realty Co. v X.L.O. Concrete Corp.*, 247 AD2d 256.) The underlying complaint, which alleges bodily injury sustained by the primary insured's employee when he fell down a stairway, clearly falls within the general scope of the policy's coverage for bodily injury arising out of the primary insured's work for the additional insureds (*see, supra; Tishman Constr. Corp. v CNA Ins. Co.*, 236 AD2d 211). Whether the underlying plaintiff's injuries come within the policy's exclusion for injuries caused by the additional insureds' negligence is a question that must await a determination of liability in the underlying action, since the underlying complaint sets forth claims pursuant to, for example, Labor Law § 240 (1), under which each of the additional insureds could be held liable despite no showing of any negligence on their part contributing to the allegedly defective stairway. We note that the motion court did not rule on defendant's obligation to indemnify, that defendant did not cross move for summary judgment declaring that it has no obligation to indemnify and accordingly, defendant's arguments on appeal bearing upon whether it has an obligation to indemnify the additional insureds are not properly before this Court. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.