■ SEYA ROCHESTER, Respondent, v QUINCY MUTUAL FIRE INSURANCE COMPANY, Appellant. (And a Third-Party Action.) [781 NYS2d 139]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the third-party defendant Valley Stream Discount Liquors, Inc., in an action entitled *Rochester v Valley Stream Discount Liqs., Inc.,* pending in the Supreme Court, Nassau County, under Index No. 20396/02, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Davis, J.), dated June 18, 2003, which granted the plaintiff's motion for summary judgment declaring that the defendant is obligated to defend and indemnify the third-party defendant Valley Stream Discount Liquors, Inc., in the underlying action, and (2) an order of the same court entered August 14, 2003, which denied its motion, denominated as one for leave to reargue and renew, but which was, in effect, for leave to reargue the plaintiff's motion for summary judgment.

Ordered that the appeal from the order entered August 14, 2003, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 18, 2003, is reversed, on the law, and the plaintiff's motion is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly was injured on April 11, 2002, when she fainted and fell against the plate glass window of a store operated by the third-party defendant Valley Stream Discount Liquors, Inc. (hereinafter Valley Stream). The window shattered, cutting her hand and leg. On July 21, 2002, the plaintiff notified Valley Stream of her claim, which, in turn, notified the defendant, its insurer, of the claim. The defendant disclaimed coverage on the ground of late notice and notified the plaintiff of its disclaimer. The plaintiff then sent notice of the accident directly to the defendant. The defendant again informed the plaintiff that it had denied coverage to Valley Stream due to late notice.

The plaintiff subsequently commenced this action, inter alia, for a judgment declaring that the defendant is obligated to

defend and indemnify Valley Stream in the underlying personal injury action she commenced against Valley Stream. She moved for summary judgment contending that the defendant's disclaimer, based solely on Valley Stream's failure to provide timely notice of the accident, lacked specificity and was ineffective as to her since she independently provided notice to the defendant. The Supreme Court granted the motion.

When "the insured is the first to notify the carrier . . . any subsequent information provided by the injured party is superfluous for notice purposes and need not be addressed in the notice of disclaimer issued by the insurer" (*Ringel v Blue Ridge Ins. Co.,* 293 AD2d 460, 462 [2002]; *see Massachusetts Bay Ins. Co. v Flood,* 128 AD2d 683, 684 [1987]). Where, as here, the insurer does not dispute receiving notice from its insured, "the only issue with respect to the injured party [is] whether the efforts of the injured party to facilitate the providing of proper notice were sufficient in light of the opportunities to do so afforded it under the circumstances" (*Massachusetts Bay Ins. Co. v Flood, supra* at 684). At this juncture, there is an issue of fact as to whether the plaintiff acted diligently in ascertaining the identity of Valley Stream's insurer and in notifying the defendant of the accident (*see Denneny v Lizzie's Buggies,* 306 AD2d 89 [2003]). Consequently, the Supreme Court should have denied the plaintiff's motion for summary judgment.

The defendant's subsequent motion, denominated as one for leave to reargue and renew, primarily contended that the Supreme Court had overlooked controlling precedent in its prior order. Further, the motion was not based upon new evidence which was unavailable to the defendant at the time of the original motion, and the defendant did not provide any explanation as to why the additional document it relied upon could not have been submitted at that time. Under these circumstances, the Supreme Court properly treated the motion as one for reargument, the denial of which is not appealable (*see Mount Sinai Hosp. v Progressive Cas. Ins. Co.,* 5 AD3d 745 [2004]; *Jandru Mats v Riteway AV Corp.,* 1 AD3d 565 [2003]).

The defendant's contention that it had no obligation to issue a more specific disclaimer to the plaintiff (*see Ringel v Blue Ridge Ins. Co., supra; Massachusetts Bay Ins. Co. v Flood, supra*) was raised for the first time in its motion for leave to reargue. An argument raised for the first time in a motion for leave to reargue is not properly before this Court when reargument was denied and the appeal from the order denying reargument is dismissed (*see Ruddock v Boland Rentals,* 5 AD3d 368

[2004]). However, the legal argument raised by the defendant could not have been avoided if it had been raised in the Supreme Court, thus, it has been considered for the first time on appeal (*see Matter of Cooke v City of Long Beach,* 247 AD2d 538 [1998]). Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.