CITY OF NIAGARA FALLS, Respondent, v MERCHANTS INSURANCE GROUP, Appellant. [824 NYS2d 841]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 15, 2006. The order denied defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and granting judgment in favor of defendant as follows: "It is ADJUDGED AND DECLARED that, with respect to the period after September 20, 2005, defendant has no duty to defend plaintiff in the underlying action, and that defendant has no duty to indemnify plaintiff in the underlying action" and as modified the order is affirmed without costs.

Memorandum: Plaintiff, City of Niagara Falls (City), commenced this action seeking a declaration that defendant has a

duty to defend and indemnify it in the underlying action, and defendant thereafter moved for summary judgment seeking a declaration that it has no such duty. We conclude that Supreme Court erred in denying defendant's motion in its entirety. The plaintiffs in the underlying action alleged that the City and defendant's named insured, an entity with which the City contracted to mow and clear debris from vacant lots owned by the City, were negligent in the maintenance of a vacant lot where one of the plaintiffs in the underlying action was injured. The City is named as an additional insured on the commercial liability policy issued to defendant's named insured and, as such, receives coverage "only with respect to liability arising out of [the named insured's] ongoing operations performed for [the City]." By an order granted September 20, 2005, the motion of defendant's named insured for summary judgment dismissing the complaint and cross claims in the underlying action against it was granted and, in support of its instant motion for summary judgment, defendant contends that it therefore has no duty to defend or indemnify the City in the underlying action.

"It is well settled that an insurance company's duty to defend is broader than its duty to indemnify. Indeed, the duty to defend is 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' . . . . 'If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *see BP A.C. Corp. v One Beacon Ins. Group*, 33 AD3d 116 [2006]; *Pavarini Constr. Co. v Liberty Mut. Ins. Co.*, 270 AD2d 98, 99 [2000]; *79th Realty Co. v X.L.O. Concrete Corp.*, 247 AD2d 256 [1998]). An additional insured "enjoy[s] the same protection as the named insured" with respect to the duty of an insurer to provide a defense (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003] [internal quotation marks omitted]).

Here, the complaint in the underlying action alleges that the City and defendant's named insured maintained property owned by the City in a "careless, reckless and negligent manner," and we therefore conclude that the claim is " 'within the embrace of the policy' " (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137, quoting *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 670 [1981], *rearg denied* 54 NY2d 753 [1981]). Although defendant failed to establish its entitlement to judgment declaring that it had no duty to defend the City prior to September 20, 2005, the

date on which the order absolving defendant's named insured of liability in the underlying action was granted (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), we nevertheless conclude that defendant's duty to defend the City ended when that order was granted (*see generally BP A.C. Corp.*, 33 AD3d at 138; *79th Realty Co.*, 247 AD2d at 257). We further conclude that, inasmuch as defendant's named insured has been absolved of liability in the underlying action, defendant is "relieved . . . of its duty of indemnity" with respect to the City (*City of New York v Consolidated Edison Co. of N.Y.*, 238 AD2d 119, 121 [1997]; *see BP A.C. Corp.*, 33 AD3d at 138). We therefore modify the order accordingly. Present—Hurlbutt, A.P.J., Scudder, Gorski and Smith, JJ.