■ In the Matter of VERONICA MAIR-HEADLEY, Petitioner, v COUNTY OF WESTCHESTER et al., Respondents. [837 NYS2d 347]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Westchester County Department of Corrections dated November 22, 2004, to terminate the petitioner's employment as a correction officer pursuant to Civil Service Law § 73, and a subsequent report and recommendation of a hearing officer dated April 29, 2005, which, after a post-termination hearing, found that the determination was correctly made. The Supreme Court, Westchester County (Adler, J.), by order and judgment (one paper) entered December 20, 2005, inter alia, granted that branch of the respondents' motion which was to dismiss so much of the petition as asserted that the petitioner was denied due process, and transferred the remaining issues to this Court.

Ordered that the order and judgment is vacated, on the law, without costs or disbursements; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Having determined that the petition raises a substantial evidence question and that disposition of the remaining issues raised in the petition could not have resulted in termination of the proceeding, the Supreme Court should have transferred the entire proceeding to this Court (see CPLR 7804 [g]; *Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation*, 289 AD2d 231 [2001], *affd* 98 NY2d 758 [2002]; *Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]; *Matter of Duso v Kralik*, 216 AD2d 297 [1995]). Nevertheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred in its entirety, and review the matter de novo (see *Matter of Sureway Towing, Inc. v Martinez, supra*; *Matter of Duso v Kralik, supra*).

The petitioner was absent from work in excess of one year

due to a nonoccupational injury. As a result, the respondents were entitled to terminate her employment pursuant to Civil Service Law § 73 (*see Matter of Allen v Howe*, 84 NY2d 665 [1994]). Contrary to the respondents' contention, a claim that the termination of the petitioner's employment was in violation of the New York State Human Rights Law (Executive Law art 15, hereinafter the Human Rights Law) or the employee's right to due process of law may be raised in the context of a proceeding brought pursuant to CPLR article 78, and, if such an objection is sustained, the determination will be annulled (*see Matter of Antonsen v Ward*, 77 NY2d 506 [1991]; *Matter of Singleton v Kerik*, 282 AD2d 682 [2001]; *Matter of Siano v Dolce*, 256 AD2d 582 [1998]; *cf. DiLauria v Town of Harrison*, 32 AD3d 490 [2006]). On the merits, however, we conclude that the petitioner has failed to establish any basis to set aside the respondents' determination.

The respondents satisfied the requirements of due process by providing the petitioner with pretermination "notice and some opportunity to respond" (*Matter of Prue v Hunt*, 78 NY2d 364, 369-370 [1991]), on the issues of "whether [she] was absent for one year or more and whether [she] is able to return to [her] position" (*id.* at 370), as well as a post-termination hearing to resolve those issues (*see Matter of Hurwitz v Perales*, 81 NY2d 182, 187 [1993], *cert denied* 510 US 992 [1993]; *Matter of Fallon v Triborough Bridge & Tunnel Auth.*, 259 AD2d 377, 378 [1999]; *Matter of Gaines v New York State Div. for Youth*, 213 AD2d 894, 896 [1995]).

There is no merit to the petitioner's argument that due process required that she be notified at the time her leave commenced that her employment could be terminated if she did not return to work within one year. The regulations adopted pursuant to Civil Service Law § 71 upon which the petitioner relies, which require that such notice be given to employees who have suffered an occupational disability and have been awarded workers' compensation benefits (*see* 4 NYCRR 5.9; *Matter of La Joie v County of Niagara*, 239 AD2d 908 [1997]), do not apply to the termination of the petitioner's employment pursuant to Civil Service Law § 73.

The petitioner's claim that her employment was terminated in violation of the Human Rights Law is also without merit. Construing that law in congruity with the Americans with Disabilities Act (*see McGrath v Toys "R" Us, Inc.*, 3 NY3d 421, 429 [2004]; *Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 330 [2003]), the requirement that the employer make reasonable accommodations to

the petitioner's disability does not entail any obligation to create a new light-duty position or a permanent light-duty position (*see Pimentel v Citibank, N.A.*, 29 AD3d 141, 148 [2006]; *King v Town of Wallkill*, 302 F Supp 2d 279 [2004]; *Hardy v Village of Piermont, N.Y.*, 923 F Supp 604, 610 [1996]; *cf. Matter of Fallon v Triborough Bridge & Tunnel Auth., supra*). Since substantial evidence in the record supports the conclusion that the respondents would have had to do so here in order to accommodate the petitioner's disability, the Commissioner's determination to terminate the petitioner's employment under Civil Service Law § 73 did not violate the Human Rights Law (*see Matter of Pageau v Tolbert*, 304 AD2d 1067 [2003]). Accordingly, the petition must be denied and the proceeding dismissed. Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.