■ LYDIA CICERO et al., Appellants, v GREAT AMERICAN INSURANCE COMPANY et al., Respondents. [862 NYS2d 499]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered August 2, 2007, which, in an action pursuant to Insurance Law § 3420 against an excess insurer and its affiliates, denied plaintiffs' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and plaintiffs awarded judgment in their favor and against defendants in the sum of $1,501,211.00 plus interest and costs. The Clerk is directed to enter judgment with 9% interest from December 8, 2004, the date of entry of judgment against Western Beef, Inc. in the underlying personal injury action.

In plaintiffs' underlying personal injury action against Western Beef, Inc. for serious injuries suffered by Lydia Cicero on January 20, 1998, when she slipped and fell in its supermarket, a preliminary conference order directed Western Beef to respond to plaintiffs' combined demands, dated May 27, 1999, and disclose "the existence and contents of *any* insurance agreement as described in CPLR § 3101 (f)" (emphasis added). On January 21, 2000, counsel for Zurich American Insurance Group, Western Beef's insurer, responded that, at the time of plaintiff's accident, Western Beef was insured by Zurich American Insurance Group under a policy that had a single limit coverage of $1,000,000. Almost four years later, on the eve of trial, Western Beef's broker notified Zurich American that Western Beef had $25 million in excess coverage with Great American Insurance Company. Counsel for Zurich American then notified counsel for plaintiffs, who promptly gave notice of their claim, on January 9, 2004.

While, ordinarily, whether plaintiffs acted diligently in ascertaining the identity of Western Beef's insurer or insurers would present an issue of fact, under these circumstances, where Western Beef affirmatively misled plaintiffs as to even the existence, let alone the identity, of its excess insurer and failed to cooperate with its primary insurer, Zurich American, in the latter's attempts to ascertain whether there was any excess cover-

age, plaintiffs' efforts were sufficient and the notice given by them shortly after they learned of the excess coverage and American National's identity was timely as to them. Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.