CHRISTOPHER CHUNN, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Respondent, and AMERICAN SECURITY SYSTEMS, INC., Appellant. NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Respondent, v AMERICAN SECURITY SYSTEMS, INC., Third-Party Defendant-Appellant. NEW YORK CITY HOUSING AUTHORITY, Second Third-Party Plaintiff-Respondent, v NATIONAL CASUALTY COMPANY et al., Second Third-Party Defendants-Appellants. [866 NYS2d 145]—

Order, Supreme Court, New York County (Louis B. York, J.), entered March 11, 2008, which granted the motion of defendant/third-party plaintiff New York City Housing Authority (NYCHA) for summary judgment declaring that third-party defendants American Security Systems, Inc. (ASSI) and National Casualty Company (NCC) are obligated to defend and indemnify it in the underlying personal injury action and denied ASSI's cross motion to sever the second third-party action and for a declaration that the indemnification provision of the service contract between NYCHA and ASSI is void and unenforceable pursuant to General Obligations Law § 5-322.1, unanimously modified, on the law, NYCHA's motion for summary judgment denied as to the obligation of ASSI and NCC to indemnify it in the underlying action and ASSI's motion to sever granted, and otherwise affirmed, without costs.

The comprehensive general liability (CGL) policy issued by NCC to ASSI provides for insurance for NYCHA as an additional insured with respect to liability for, inter alia, bodily injury caused, in whole or in part, by ASSI's "acts or omissions." The complaint asserts that plaintiff's injury was caused, in whole or in part, by ASSI's acts or omissions with respect to the NYCHA building's systems. Therefore, NYCHA is entitled to a defense under the policy (*see Santos v BRE/Swiss, LLC*, 9 AD3d 303

[2004]). Contrary to the insurers' contention that they have demonstrated as a matter of law that "there is no possible factual or legal basis on which [they] might eventually" be obligated to indemnify NYCHA (quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 312 [1984] [internal quotation marks and citation omitted]), the affidavit by plaintiff's sister, a tenant in the building, which asserts that the intercom had been broken for several months before the incident in which plaintiff was assaulted, presents an issue of credibility that precludes summary judgment.

NYCHA is also entitled to a defense under the excess policy issued to ASSI by Scottsdale Insurance Company (SIC), because that policy follows the form of NCC's CGL policy, under which NYCHA is an additional insured (*see Cheektowaga Cent. School Dist. v Burlington Ins. Co.*, 32 AD3d 1265, 1266-1267 [2006]).

The insurers' ground for disclaiming coverage under the owners and contractors protective (OCP) policy issued by SIC, i.e., late notice, is belied by the record, as is their contention that notice to NCC did not constitute notice to SIC as well. However, in any event, any delay in notice was due to misleading statements by the NCC claims department concealing the existence of the OCP policy (*see Cicero v Great Am. Ins. Co.*, 53 AD3d 460 [2008]).

While the duty to defend is clear, issues of fact as to liability in the underlying personal injury action render premature the conclusion that the insurers have a duty to indemnify NYCHA (*see e.g. 79th Realty Co. v X.L.O. Concrete Corp.*, 247 AD2d 256 [1998]).

The second third-party action should be severed to avoid the prejudice to the second third-party defendants that would result from the jury's awareness of the existence of liability insurance (*see Kelly v Yannotti*, 4 NY2d 603 [1958]).

It would be premature to declare that the indemnification provisions of the contract between NYCHA and ASSI are void and unenforceable under General Obligations Law § 5-322.1 (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 n 5 [1997]). Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ.