Proceeding pursuant to CPLR article 78 to review a determination of John Barr, in his capacity as Director of Administrative Services of the New York State Thruway Authority, dated April 11, 2007, which, upon rejecting the finding of a hearing officer dated January 30, 2007, made after a hearing, that the petitioner was not guilty of the disciplinary charge against her, found that the petitioner was guilty of incompetence and imposed a penalty of demotion. The Supreme Court, Rockland County (Garvey, J.), by order dated September 28, 2007, sua sponte, dismissed the second, third, fourth, and fifth causes of action of the petition, and transferred the matter to this Court to review whether the determination is supported by substantial evidence.
Ordered that the order dated September 28, 2007, is vacated, on the law; and it is further,
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, and it is further,
Ordered that one bill of costs is awarded to the respondents.
Having determined that the petition raises the question of whether the challenged administrative determination is supported by substantial evidence, and that the disposition of the *557 remaining issues in the petition did not result, and could not have resulted, in the termination of the proceeding, the Supreme Court should have transferred the entire proceeding to this Court without deciding the merits of any of the petitioner’s causes of action (see CPLR 7804 [g]; Matter of Dallas v Doar, 45 AD3d 592 [2007]; Matter of Mair-Headley v County of Westchester, 41 AD3d 600 [2007]). Nevertheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred in its entirety, and review the proceeding de novo (see Matter of Dallas v Doar, 45 AD3d 592 [2007]; Matter of Mair-Headley v County of Westchester, 41 AD3d 600 [2007]).
Contrary to the petitioner’s contention, the New York State Thruway Authority (hereinafter the Authority) was not required to accept the findings of its hearing officer. While a hearing officer’s credibility determinations are entitled to weight, they “are not conclusive and may be overruled by the official upon whom has been imposed the power to remove or to mete out discipline, provided, of course, that the latter’s action is supported by substantial evidence” (Matter of Simpson v Wolansky, 38 NY2d 391, 394 [1975]).
Here, the Authority’s final determination was supported by substantial evidence. The substantial evidence standard requires “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Substantial evidence “is less than a preponderance of the evidence” (id.), and, “as a burden of proof, it demands only that a given inference is reasonable and plausible, not necessarily the most probable” (Matter of Miller v DeBuono, 90 NY2d 783, 793 [1997] [internal quotation marks omitted]). Given the material inconsistency between the petitioner’s written statement and her testimony at the disciplinary hearing, the petitioner’s guilt on the charge of violating the terms of a certain administrative services bulletin could reasonably and plausibly be inferred. Moreover, the Authority properly determined that the administrative services bulletin was applicable to the petitioner’s conduct.
The penalty of demotion was not disproportionate to the petitioner’s offense. “Am administrative penalty must be upheld unless it ‘is so disproportionate to the offense . . . as to be shocking to one’s sense of fairness,’ thus constituting an abuse of discretion as a matter of law” (Matter ofKreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of *558 Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]). Here, it cannot be concluded, as a matter of law, that the penalty of demotion “shocks the judicial conscience” (Matter of Kreisler v New York City Tr. Auth., 2 NY3d at 776; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 240; see also Matter of Ellis v Mahon, 11 NY3d 754 [2008]; Matter of Torrance v Stout, 9 NY3d 1022, 1023 [2008]).
The petitioner’s remaining contention, raised in point I of her brief, is not properly before this Court. Prudenti, PJ., Mastro, Fisher and Dillon, JJ., concur.