■ JOHN R. MALIK, SR., Plaintiff, v CHARTER OAK FIRE INSURANCE COMPANY, Respondent, and LOIS M. ROSENBLATT, Appellant. [877 NYS2d 114]—

In an action for a declaration that the defendant Charter Oak Fire Insurance Company and Travelers Insurance Company is obligated to defend and indemnify the plaintiff in an action entitled *Rosenblatt v Malik,* pending in the Supreme Court, Queens County under index No. 9742/05, the defendant Lois M. Rosenblatt, Public Administrator of the goods, chattels and credits of Juan Manuel Chametla, deceased, appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated March 13, 2008, which granted the motion of the defendant Charter Oak Fire Insurance Company and Travelers Insurance Company for summary judgment, in effect, declaring that it was not obligated to defend and indemnify the plaintiff in the underlying action.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion of the defendant Charter Oak Fire Insurance Company and Travelers Insurance Company for summary judgment, in effect, declaring that it was not obligated to defend and indemnify the plaintiff in the underlying action is denied.

In this declaratory judgment action, the plaintiff, John R. Malik, Sr., sought defense and indemnification from the Charter

Oak Fire Insurance Company, incorrectly sued herein as Charter Oak Fire Insurance Company and Travelers Insurance Company (hereinafter Charter Oak) in the wrongful death action brought against him by Lois M. Rosenblatt, Public Administrator of the goods, chattels, and credits of Juan Manuel Chametla (hereinafter the Public Administrator).

The underlying action arose from the tragic, accidental shooting on October 18, 2004, of Juan Chametla, a young man working in a convenience store in Astoria, Queens, by Malik, a retired police detective. Malik was legally carrying a gun, as he was on his way to work as a security supervisor. He entered the store in which Chametla was working and while engaged in "horseplay" with Chametla, Malik took out his gun, which accidentally discharged, hitting Chametla in the leg. Chametla died from the wound.

It is uncontroverted that Malik did not notify Charter Oak, his home insurance carrier, when the incident occurred or soon thereafter. Malik contended that he was consumed with guilt and the criminal proceedings brought against him. He pleaded guilty on April 18, 2005, to manslaughter in the second degree for recklessly causing Chametla's death and was sentenced to one to three years in prison.

Soon after the shooting, Chametla's father retained counsel to initiate a civil action against Malik. Counsel wrote to Malik by letter dated November 2004 to advise him that a wrongful death claim existed and asked him to notify his carrier and advise counsel of the carrier's name, address, and policy number. It was then discovered that Chametla had fathered a son, then six years old, who resided in Mexico. Counsel for Chametla's estate continued to attempt to obtain Malik's insurance information by contacting Malik's attorney in the criminal action by letter, phone calls, and fax, all to no avail.

On April 29, 2005, 11 days after Malik's plea of guilty, the Public Administrator, on behalf of Chametla's estate, filed a summons and complaint alleging that Malik negligently, grossly negligently, recklessly, and carelessly caused Chametla's death. A courtesy copy of the complaint was sent to Malik's attorney in the criminal action on May 3, 2005, with a letter reiterating the demand for insurance information. No one notified the Public Administrator of the name and address of Malik's insurer; however, the summons and complaint in the Public Administrator's action were forwarded to Charter Oak on May 20, 2005, seven months after the occurrence.

Charter Oak contacted the Public Administrator's counsel for information about the claim on May 23, 2005, and counsel

provided the Charter Oak representative with all the information at his disposal.

By letter dated June 3, 2005, Charter Oak notified its insured and the Public Administrator that it was disclaiming coverage due to the lateness of the notice to it.

Thereafter, Malik brought this action for a judgment declaring that Charter Oak is obligated to defend and indemnify him in the Public Administrator's wrongful death action. The complaint was amended to add the Public Administrator as a necessary party by stipulation of all the parties.

Charter Oak moved for summary judgment dismissing the amended complaint and both Malik and the Public Administrator submitted separate responses seeking denial of Charter Oak's motion. Malik argued that he was consumed with guilt and sorrow over the tragedy he caused and the trauma of the criminal proceedings that were being pursued such that the possible liability in a civil suit on the necessity of contacting his home insurance carrier never crossed his mind. Thus, he contended that the notice that he gave, after pleading guilty and being served with the summons and complaint, was reasonable under the circumstances.

A duty to give an insurer notice arises "when from the information available relative to the accident, an insured could glean a reasonable possibility of the policy's involvement" (*Figueroa v Utica Natl. Ins. Group*, 16 AD3d 616, 616-617 [2005]; *see Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239-240 [2002]). The Supreme Court, without reaching the Public Administrator's contention that it had a separate right to give notice, granted summary judgment to Charter Oak, finding that the plaintiff had not provided timely notice.

The Public Administrator contended that she had an independent right to give notice to Malik's carrier pursuant to Insurance Law § 3420 (a) (3). Since the Public Administrator made diligent efforts to ascertain Malik's insurance information and was unable to ascertain the carrier's identity until after the action was instituted, the notice on behalf of Chametla's estate was provided as soon as was practicable and the motion should be denied.

The Public Administrator established that she contacted Malik within a short time after the incident, and demanded that he notify his insurance carrier of the claim, and requested his insurance information, which would have enabled the Public Administrator to notify the defendant itself pursuant to Insurance Law § 3420 (a) (3). It was not until after Malik pleaded guilty to the criminal indictment and the wrongful death suit

against him was commenced that Malik or someone on his behalf or on behalf of the Public Administrator sent the summons and complaint to Charter Oak, constituting the first notice of the claim provided to it by the insured or the claimant.

Under the particular circumstances of this case there are issues of fact as to the timeliness of the notice given to Charter Oaks so as to require the denial of Charter Oak's motion for summary judgment. As this Court stated in *Becker v Colonial Coop. Ins. Co.* (24 AD3d 702 [2005]):

"Insurance Law § 3420 (a) (3), in effect, requires insurance companies to accept notice of claims from injured parties. As was made clear more than 40 years ago, '[t]he statute having granted the injured person an independent right to give notice and to recover thereafter, he is not to be charged vicariously with the insured's delay' (*Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]). 'The injured person's rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable' (*id*). 'When the injured party has pursued his rights with as much diligence "as was reasonably possible" the statute shifts the risk of the insured's delay to the compensated risk-taker' (*id*). Thus, the pertinent inquiry is whether the plaintiff pursued his rights with 'as much diligence as was reasonably possible' (*id*).

"In determining the reasonableness of an injured party's notice, the notice required is measured less rigidly than that required of the insureds (*see GA Ins. Co. of N.Y. v Simmes*, 270 AD2d 664 [2000]). 'The sufficiency of notice by an injured party is governed not by mere passage of time but by means available for such notice' (*Appel v Allstate Ins. Co.*, 20 AD3d 367, 369 [2005])" (24 AD3d at 704-705; *see also Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460 [2002]).

Accordingly, the Supreme Court erred in granting the motion of Charter Oaks for summary judgment.

The parties' remaining contentions are without merit. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.