■ MICHAEL DIFILIPPO et al., Plaintiffs, v PARKCHESTER NORTH CONDOMINIUM et al., Defendants. PARKCHESTER NORTH CONDOMINIUM et al., Third-Party Plaintiffs-Respondents-Appellants, v BLUEPRINT PLUMBING CORP., Third-Party Defendant-Appellant-Respondent. [885 NYS2d 81]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered October 15, 2008, which, to the extent appealed from, granted third-party defendant Blueprint's motion for summary judgment dismissing the third-party claims for common-law negligence, contribution and indemnification, but denied dismissal of so much of the third-party complaint for contractual indemnification, and denied so much of third-party plaintiffs' (Parkchester) cross motion for summary judgment on their claim for contractual indemnification, unanimously affirmed, without costs.

The main action is against a property lessee and its manager for employment-related injuries and alleges claims based on common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The Parkchester defendants brought a third-party action against the injured worker's employer, for, inter alia, contractual indemnification. The motion court dismissed all of plaintiffs' claims except those based upon Labor Law § 241 (6).

Based on issues of fact as to who created the dangerous condition (water and debris on the floor) causing plaintiff's slip and fall, the motion for summary judgment and cross motion for summary judgment as to contractual indemnification were properly denied.

The indemnification agreement would be enforceable if the indemnitee is found not negligent, but nevertheless vicariously liable to plaintiff for Blueprint's negligence under the nondelegable duty Labor Law § 241 (6) imposes (*see* General Obligations Law § 5-322.1 [1]; *Linarello v City Univ. of N.Y.*, 6 AD3d 192, 193-194 [2004]). Parkchester is not however entitled to summary judgment on its indemnification claim because, on this record, there are the above-noted issues of fact as to whether Parkchester is at fault for plaintiff's Labor Law § 241 (6) claim.

In its lack-of-preservation argument, third-party defendant "raises a legal argument that appears on the face of the record and could not have been avoided if brought to [third-party plaintiffs'] attention at the proper juncture, the record on appeal is sufficient for its resolution, and the issue is determinative" (*Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21, 27 [2008]). Third-party defendant argued that third-party plaintiffs were negligent and thus precluded from enforcing the indemnification contract. Because this issue was considered by the motion court, it is properly before us for review.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.