Order Supreme Court, Bronx County (Alan Saks, J.), entered June 30, 2008, which *613 denied the motion of defendant CP Associates for summary judgment as against defendant Food Bazaar, unanimously modified, on the law, the motion granted to require Food Bazaar to undertake CP’s contractual defense in the underlying action, and otherwise affirmed, without costs.
Summary relief is appropriate on a claim for contractual defense where, as here, the lease agreement is unambiguous and clearly sets forth the parties’ intention that a lessee provide a defense to the lessor for injuries sustained (see Brook Shopping Ctr. v Liberty Mut. Ins. Co., 80 AD2d 292 [1981]). While the duty to defend is clear, we note that issues of fact as to liability in the underlying personal injury action render premature a finding that Food Bazaar has a duty to indemnify CP (see e.g. DiFilippo v Parkchester N. Condominium, 65 AD3d 899 [2009]; 79th Realty Co. v X.L.O. Concrete Corp., 247 AD2d 256 [1998]). Absent a finding of liability on CP’s part, it would also be premature to declare the contractual indemnification provisions between it and Food Bazaar void and unenforceable under General Obligations Law § 5-322.1 (see Chunn v New York City Hous. Auth., 55 AD3d 437, 438 [2008]). Concur—Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.