■ Kazimierz Golebiewski et al., Respondents-Appellants, v National Union Fire Insurance Company of Pittsburgh, Pa., Appellant-Respondent. [958 NYS2d 161]—

This action arises from an accident that occurred on April 1, 2000, at a building owned by Shaya B. Pacific, LLC (hereinafter SBP). The injured plaintiff, Kazimierz Golebiewski, fell from a height while performing construction work at that building. Golebiewski, and his spouse (hereinafter together the plaintiffs) suing derivatively, then commenced an underlying personal injury action against SBP, among others. In that action, the Supreme Court awarded the plaintiffs summary judgment on the issue of liability. After a trial on the issue of damages, the jury awarded the plaintiffs damages in the principal sum of $8,522,613, and the Supreme Court entered judgment on that verdict. The parties subsequently stipulated to reduce the damages award to $6,122,000, plus interest from February 20, 2003. The plaintiffs have since recovered the sum of $2,000,000 of the principal award of $6,122,000, leaving an unpaid principal balance of $4,122,000.

In this action, commenced pursuant to Insurance Law § 3420 (a) (2), the plaintiffs seek to recover the unpaid portion of that judgment in the principal sum of $4,122,000, plus interest, from the defendant National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union). It is undisputed that at the time of the accident, the building owner, SBP, was covered under a certain excess or umbrella insurance policy issued by National Union. National Union contends, however, that it may not be held liable under Insurance Law § 3420 (a) (2), as the plaintiffs did not provide it with timely notice of this claim.

Insurance Law § 3420 (a) (2) provides that if certain conditions are met, an injured party may commence an action to recover an unsatisfied judgment from the insurance carrier for a tortfeasor that becomes a judgment debtor. To recover an unsatisfied judgment pursuant to Insurance Law § 3420 (a) (2), the plaintiff must show, inter alia, that he or she acted reasonably "diligently in attempting to ascertain the identity of the insurer [for the tortfeasor], and thereafter expeditiously notified the insurer" of the claim (*Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 428 [2006]; *see Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305, 308 [2008]).

Here, contrary to the plaintiffs' contention, National Union is not estopped from raising the defense of untimely notice. Although the plaintiffs contend that National Union may not now argue that the notice provided by the plaintiffs was untimely, as it did not disclaim coverage on that basis, it is undisputed that, prior to the plaintiffs' delivery of notice to National Union, SBP, the tortfeasor itself, provided National Union with notice of this claim and of the commencement of the underlying action. Under these circumstances, National Union was not required to specifically disclaim coverage based on the allegedly untimely notice by the plaintiffs (*see Steinberg v Hermitage Ins. Co.*, 26 AD3d at 428; *Rochester v Quincy Mut. Fire Ins. Co.*, 10 AD3d 417, 418 [2004]; *Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460, 462 [2002]; *Massachusetts Bay Ins. Co. v Flood*, 128 AD2d 683, 683-684 [1987]). Consequently, National Union is not estopped from now raising the defense of untimely notice (*see Appel v Allstate Ins. Co.*, 20 AD3d 367 [2005]; *Rochester v Quincy Mut. Fire Ins. Co.*, 10 AD3d at 418).

However, the evidence showed, as a matter of law, that the notice provided by the plaintiffs to National Union was timely, under the circumstances of this case. In particular, during the discovery phase of the underlying action, a preliminary conference order required SBP to disclose, by a certain date, the exis-

tence of both primary and excess insurance policies that were in existence at the time of this accident, and which provided coverage for this occurrence pursuant to CPLR 3101 (f). In response to that order, counsel for SBP disclosed only the existence of a primary insurance policy. Counsel for SBP did not supplement that response to include information regarding the excess policy at issue, the National Union policy, despite counsel's continuing obligation to supplement discovery responses (*see* CPLR 3101 [h]). Just prior to the trial on the issue of damages in the underlying action, counsel for SBP notified its excess carrier, National Union, of this claim and of the underlying action, and thereafter sent notice of the existence of the underlying policy to the plaintiffs. The plaintiffs notified National Union of the claim and underlying action on the same day that they learned of the existence of the excess policy.

Under these circumstances, the plaintiffs showed, prima facie, that they were reasonably diligent in ascertaining the identity of the excess carrier and in providing notice to that carrier of this claim and of the underlying action, and National Union failed to raise a triable issue of fact in opposition to that prima facie showing (*see Cicero v Great Am. Ins. Co.*, 53 AD3d 460 [2008]; *see also Malik v Charter Oak Fire Ins. Co.*, 60 AD3d 1013, 1015-1016 [2009]; *Chunn v New York City Hous. Auth.*, 55 AD3d 437, 438 [2008]; *Allstate Ins. Co. v Marcone*, 29 AD3d 715 [2006]; *State of New York v Zurich Ins. Co.*, 199 AD2d 916, 917 [1993]). Further, in opposition to the plaintiffs' motion, National Union asserted no other defense to this action, apart from untimely notice. For the same reasons, National Union failed to establish, prima facie, that it was entitled to judgment as a matter of law (*see Cicero v Great Am. Ins. Co.*, 53 AD3d 460 [2008]).

Accordingly, the Supreme Court properly denied National Union's cross motion for summary judgment dismissing the complaint, but should have granted the plaintiffs' motion for summary judgment declaring that National Union is liable for the unsatisfied portion of the underlying judgment, plus interest from February 20, 2003 (*see* Insurance Law § 3420 [a] [2]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that National Union is bound, under the subject policy of insurance, to pay the unpaid portion of a judgment dated October 22, 2003, as reduced by stipulation dated August 3, 2003, in the principal sum of $4,122,000, plus interest from February 20, 2003 (*see Lanza v Wagner*, 11 NY2d 317, 317-334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Leventhal, Austin and

Miller, JJ., concur.