■ LORELEY PEREYRA POLLACK et al., Respondents, v SCOTTS-DALE INSURANCE COMPANY, Appellant. [39 NYS3d 211]—

In an action pursuant to Insurance Law § 3420 (a) (2) to

recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals from (1) an order of the Supreme Court, Richmond County (Straniere, J.), dated June 24, 2014, which granted the plaintiffs' motion for summary judgment on the complaint and denied its cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated August 26, 2014, which, upon the order, is in favor of the plaintiffs and against it in the principal sum of $1,000,000, plus interest.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On January 11, 2009, the plaintiff Loreley Pereyra Pollak sustained injuries when she slipped and fell on snow and ice outside her residence in Staten Island. The residence was part of a multiunit condominium at which Florite Maintenance Corp. (hereinafter Florite) was under contract to provide snow removal services. Florite was insured under a general liability policy issued by the defendant, Scottsdale Insurance Company (hereinafter the insurer). The policy required Florite to provide the insurer with notice of an occurrence that could lead to a claim, as well as notice of a lawsuit based on a claim, "as soon as practicable."

By letter dated March 31, 2009, counsel for Pollak and her husband (hereinafter together the plaintiffs) notified Florite of the occurrence, and Florite, in turn, notified the insurer. On April 3, 2009, the insurer's investigator communicated with the plaintiffs' counsel regarding the claim and assigned an adjustor to investigate the circumstances of the occurrence.

In March 2010, the plaintiffs commenced a personal injury action against Florite and others (hereinafter the underlying action). Florite neither answered nor appeared in the underlying action, and never forwarded the suit papers to the insurer. In September 2010, before seeking leave to enter a default judgment against Florite, counsel for the plaintiffs notified the insurer of the underlying action by sending a copy of the summons and verified complaint, medical records, and authoriza-

tions to the insurer's claim representative. By letter dated September 20, 2010, addressed to Florite and copied to the plaintiffs' counsel, the insurer notified Florite that it was disclaiming coverage due to Florite's failure to comply with the policy requirement to provide the insurer with notice of a lawsuit "as soon as practicable."

A trial in the underlying action resulted in a jury verdict, inter alia, finding Florite 25% at fault in the happening of Pollack's accident and awarding damages. A judgment was entered upon Florite's default on June 27, 2013, in favor of the plaintiffs and against Florite in the total sum of $3,186,138.66. On September 9, 2013, the plaintiffs commenced the instant action against the insurer pursuant to Insurance Law § 3420 (a) (2) to recover the amount of the unsatisfied judgment against Florite. Thereafter, the plaintiffs moved for summary judgment on the complaint. The insurer opposed the motion and cross-moved for summary judgment dismissing the complaint, arguing that the plaintiffs were not entitled to coverage because they had not provided the insurer with timely notice of the underlying action, as required by the insurance policy. In an order dated June 24, 2014, the Supreme Court granted the plaintiffs' motion to the extent of awarding the plaintiffs an amount equal to the policy limits, plus interest, costs, and disbursements, and denied the insurer's cross motion.

Provisions of an insurance policy requiring an insured to provide notice of an occurrence or suit as soon as practicable have been uniformly interpreted to require that notice be given within a reasonable time under all the circumstances (see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 441 [1972]; Konig v Hermitage Ins. Co., 93 AD3d 643, 646 [2012]; Malik v Charter Oak Fire Ins. Co., 60 AD3d 1013, 1016 [2009]; Becker v Colonial Coop. Ins. Co., 24 AD3d 702, 705 [2005]). Where the required notice of suit is not provided by the insured, but rather by the injured party, the insurer's notice of disclaimer must address with specificity the grounds for disclaiming coverage applicable to the injured party as well as the insured, "because notice of an occurrence by the injured party constitutes prima facie compliance with the notice requirements of the policy and, if unchallenged, relieves the insured of its contractual duty to provide proper notice" (Massachusetts Bay Ins. Co. v Flood, 128 AD2d 683, 684 [1987]).

Here, notice of the underlying action was not provided by Florite, but was provided directly by the plaintiffs in September 2010. In its subsequent notice of disclaimer, however, the

insurer addressed only Florite's failure to provide notice of the underlying action, and did not directly address the notice provided by the plaintiffs. While the notice of disclaimer mentioned, in passing, the plaintiffs' September 2010 notice of the underlying action, the insurer neither specifically stated whether it considered such notice to be untimely, nor disclaimed coverage as to the plaintiffs based on untimeliness of the plaintiffs' notice. Since this ground was not raised in the letter of disclaimer, it may not be asserted now (see *General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]). Therefore, we agree with the plaintiffs that the insurer is precluded from disclaiming coverage on the ground that the plaintiffs failed to comply with the policy's notice provisions (see *Matter of AutoOne Ins. Co. v Sarvis*, 111 AD3d 824 [2013]; *Loeffler v Sirius Am. Ins. Co.*, 82 AD3d 1172, 1173 [2011]).

Accordingly, the plaintiffs established their prima facie entitlement to judgment as a matter of law under Insurance Law § 3420 (a) (2) (see *Creinis v Hanover Ins. Co.*, 59 AD3d 371, 374 [2009]), and the insurer, in opposition, established that the applicable policy limit was $1,000,000 (see *Giraldo v Washington Intl. Ins. Co.*, 103 AD3d 775, 776 [2013]), but failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The insurer's remaining contentions are without merit. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.