Vasquez v Manhattan Coll. (2024 NY Slip Op 00365)

Vasquez v Manhattan Coll.

2024 NY Slip Op 00365

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 28636/19 Appeal No. 1523 Case No. 2023-01676 

[*1]Christian Olmedo Vasquez, Plaintiff-Respondent,
v
Manhattan College, Defendant-Appellant, Pavarini North East Construction Co., Inc., Defendant.
Manhattan College, Third-Party Plaintiff-Appellant,
v
Environmental Maintenance Contractors, Third-Party Defendant-Respondent.

Goldberg Segalla, LLP, White Plains (William T. O'Connell of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for Environmental Maintenance Contractors, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 12, 2022, which denied defendant/third-party plaintiff Manhattan College's motion to renew third-party defendant Environmental Maintenance Contractors' (EMC) motion for summary judgment dismissing Manhattan College's contractual indemnification claim against it, unanimously affirmed, without costs.
A motion for leave to renew a prior motion must be based upon "new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR § 2221[e]; see also Nassau County v Metropolitan Transp. Auth., 99 AD3d 617, 618-619 [1st Dept 2012], lv denied in part, dismissed in part 21 NY3d 921 [2013]). Here, the motion court properly determined that Manhattan College, as property owner, provided reasonable justification for not timely submitting the 2018 AIA Contract it had entered into with EMC to provide asbestos remediation services in opposition to EMC's prediscovery motion to dismiss the third-party claims (see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376 [1st Dept 2001]). When it was unable to locate and depose its former representative who had negotiated the two asbestos remediation agreements with EMC in 2018 and 2019, Manhattan College had requested an adjournment of EMC's motion, which EMC denied.
Nevertheless, the renewal motion, which requested that the court consider the terms of the parties' 2018 AIA Contract, was providently denied where the terms of such agreement did not govern the work plaintiff engaged in at the time of his injury. The work plaintiff was engaged in at the time of his accident was set forth in the "2019 Proposal" that was separately negotiated by EMC and the college's former representative and by its unambiguous terms did not provide for the indemnification of Manhattan College by EMC. The language in the 2019 proposal did not explicitly state that Manhattan College had a right to indemnification (Millennium Holdings LLC v Glidden Co., 146 AD3d 539, 545 [1st Dept 2017]["The indemnity obligation will be strictly construed, and additional obligations may not be imposed beyond the explicit and unambiguous terms of the agreement"]). The 2019 Proposal provides for asbestos removal work to be done in another portion of the building, has its own project cost and indemnification provision, and makes no reference to the parties' 2018 AIA Contract. Therefore, the motion court's prior determination that the parties' 2019 Proposal governed the work plaintiff was performing at the time of his injury and that this separate agreement did not provide for the indemnification of Manhattan College by EMC remains undisturbed by the existence of the parties' 2018 AIA Contract.
Even assuming arguendothat the indemnification clause in the 2019 Proposal could be understood to run in favor of Manhattan College as it did to EMC, [*2]Manhattan College would still have no right to indemnification, because it is void under General Obligations Law § 5-322.1 as it lacks a saving clause and would allow for EMC to be indemnified for its own negligence (see Landgraff v 1579 Bronx Riv. Ave., LLC, 18 AD3d 385, 387 [1st Dept 2005]).[FN1] This argument may properly be considered for the first time on appeal as it involves no new facts other than those that already appear on the record (see Vanship Holdings Ltd. v Energy Infrastruture Acquisition Corp., 65 AD3D 405, 408[1st Dept 2009]). "A contract that purports to indemnify the indemnitee against its own negligence is not merely void as to the portion requiring indemnification of the indemnitee's negligence, but the entire indemnification agreement is void, and the promisee may not collect under any part of the agreement" (11 Essex St. Corp. v Tower Ins. Co. of N.Y., 153 AD3d 1190, 1197 [1st Dept 2017] quoting Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786 [1997]). There is no reasonable view of the record from which EMC could be found nonnegligent in the cause of plaintiff's accident inasmuch as it supervised plaintiff's work in a controlled, cordoned-off area; EMC was contractually obligated to provide its own equipment; the EMC supervisor handed plaintiff the ladder to use and instructed plaintiff as to his work; and plaintiff was allegedly left to work on his own from atop the ladder. As such, the cases that provide that a negligence-free indemnitee may seek indemnity under an indemnification clause that lacks saving language are inapplicable here (see generally Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179 [1990]; DiFilippo v Parkchester N. Condominium, 65 AD3d 899 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024
`

Footnotes

Footnote 1: The 2019 Proposal reads as follows:The Client [Manhattan] agrees to indemnify, exonerate, and hold harmless EMC against the risk of loss, damage, or expense, by reason of suits, claims, demands, judgments, and causes of action for personal injury, death, or property damage arising out of or in any way in consequence of the performance of all work undertaken by EMC, except that in no instance shall the Client [Manhattan] be held responsible for any liability claim, demand, or cause of action attributable solely to the negligence of EMC."