# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1256.1**
**CA 12-00679**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

IN THE MATTER OF NIAGARA FRONTIER TRANSIT
METRO SYSTEM, INC., PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

AMALGAMATED TRANSIT LOCAL UNION 1342 AND
VINCENT G. CREHAN, RESPONDENTS-RESPONDENTS.

---

DAVID J. STATE, BUFFALO (WAYNE R. GRADL OF COUNSEL), FOR
PETITIONER-APPELLANT.

REDEN & O'DONNELL, LLP, BUFFALO (TERRY M. SUGRUE OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------------

Appeal from a judgment and order (one paper) of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 6, 2012 in a proceeding pursuant to CPLR article 75. The judgment and order denied the petition to stay arbitration.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner and Amalgamated Transit Local Union 1342 (respondent) are parties to a series of successive collective bargaining agreements governing the terms and conditions of employment of bargaining unit employees. Here, one of those employees began employment with petitioner as a bus operator in 2004, and in 2010 was involved in an accident following which she submitted a workers' compensation benefits claim. In the course of processing the claim, petitioner learned that, in September 2000, the employee had been involved in an automobile accident, resulting in cervical and lumbar spine injuries that carried a diagnosis of total disability for approximately one year, and a "permanent partial disability" thereafter. The employee did not disclose those injuries in the medical history portion of her employment application in 2004. Petitioner annulled her employment on the ground that she had provided false information in her application, whereupon respondent filed a grievance on behalf of the employee. Petitioner then commenced this proceeding under CPLR article 75 seeking a stay of arbitration on the ground that the employee's employment was void ab initio based on material omissions in her employment application, and there was no agreement between the parties to arbitrate the dismissal of an employee whose employment was void ab initio.

Supreme Court properly denied the petition.  Contrary to petitioner's contention, it did not have a common-law right to void the employee's employment ab initio.  Any preexisting injuries that the employee had would not automatically disqualify her from her position; rather, any such preexisting injuries must actually "interfere[] with the ability to control and safely operate a bus" (15 NYCRR 6.10; *see generally Matter of Richie v Coughlin*, 148 AD2d 178, 182-183, *appeal dismissed* 75 NY2d 765, *lv denied* 75 NY2d 707, *cert denied* 498 US 824).  Thus, because any disqualification would be discretionary, the employee "must be afforded 'a meaningful opportunity to invoke the discretion of the decision maker [as] a precondition to his [or her] termination' " (*Prue v Hunt*, 157 AD2d 160, 165, *affd* 78 NY2d 364).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court